## IN EQUITY.

### RATHBUN vs. RATHBUN.

A *trial* by a justice of the Supreme Court, at a special term, of an equity case; *held*, to be clearly within the implied exception in the constitution. *Lee* v. *Tillotson*, 24 Wend. 337. The constitution provides that "testimony in equity cases shall be taken in like manner as in cases at law." Causes, the trial of which require the examination of a long account, may be referred by the court, whether at law or in equity, where no questions of law arise to take them out of the rule. If not referable on that ground, it requires the assent of all the parties. A reference to take the testimony merely, would be a resuscitation of the former mode, and is substantially inhibited by the constitution. A cause upon the calendar upon bill, answer, and replication, noticed for trial or reference, at special term, denied.

*November Special Term,* 1847. *Otsego county.*—This cause was upon the calendar, upon bill, answer, and replication, and noticed for trial or reference.

MOREHOUSE, Justice.—The authority to refer a cause is derived from the statute, and when done by the mere authority of the court, is restricted to causes the trial of which will require the examination of a long account, and when so referred, must be to three impartial and competent persons, (2 R. S. 384, § 39.) A consequence of referring a cause not referable under the statute, even with consent, was a discontinuance of the suit. In 1836, the Legislature authorized the court to refer to a sole referee, with the *consent* of the parties, and by further legislation in 1845 a reference of any cause was authorised by *consent* of all the parties. (Session Laws, 1845, 163.)

The power of this court is not enlarged by any subsequent legislation, and the authority to refer is derived from section 77 of the act in relation to the judiciary, passed May 12, 1847, p. 344. " Courts of record may by an order to be entered in any suit or proceeding at law or in equity, refer any matter heretofore usually referred to any clerk, master in chancery or referee, to a clerk of the same court, or to any county judge or local officer, elected to discharge the duties of county judge and surrogate, or other suitable person or persons, in the same manner as references have heretofore been made to any officer or person by any court, and with the same powers as have heretofore been possessed by such officer or person." The powers and jurisdiction of the present Supreme Court, and of the justices thereof, are co-extensive with the powers and jurisdiction possessed and exercised by the justices of the Supreme Court, chancellor, vice-chancellors, and circuit judges, in May, 1847, when the Judiciary Act was passed, *as far as consistent with the constitution* and the provisions of that act. (Session Laws, 1847, 323, § 16.)

Though testimony in chancery was usually taken before an examiner, the chancellor and vice-chancellors had power to direct a commission to be issued to one or more persons, to take testimony in any cause pending in the Court of Chancery. (2 R. S. 180, § 78.) The manner of taking it was the same as before an examiner.

The constitution, article 5, section 10, declares as fundamental, that the testimony in equity cases shall be taken in like manner as in cases law. Whatever alterations, therefore, the Legislature have or may make, in taking testimony in proceedings in equity, must apply to proceedings in law. Whatever diversity of opinion existed in the convention which framed the constitution, upon the question of blending the courts of law and equity, there was none upon the necessity and importance of abolishing the then existing mode of taking testimony in equity cases; and there was great if not entire unanimity, that the substitute should be, either a

trial of the issue or issues by jury at a circuit, or that the judge should take the testimony in open court. There was no imperfection in our judiciary system more palpable, than the inconvenient, ill-devised, and expensive mode of taking testimony before an examiner in writing, out of court. The Legislature had had the power to reform, and future ones would have it. The evil had continued without correction, and if left to legislation, the change might be tardy or imperfect; and it was deemed worthy of constitutional enactment, that "testimony in equity cases shall be taken in like manner as in cases at law."

It would be superfluous to remark upon the importance of having the judge, who shall decide the cause, see the witnesses and hear their testimony. A prominent reason for the present number of the justices of the Supreme Court was the duty imposed upon them of taking the testimony in equity cases in open court. Their authority to reject cumulative, trifling, unimportant, and irrelevant evidence, which, under the former system, found its way into every cause, will materially lessen the burden of taking the testimony and deciding the cause; and from my brief experience, I believe that a calendar of equity causes, so far as the facts are concerned, may be disposed of at a special term with as much celerity as a like number of causes contested at a circuit. Causes, the trial of which require the examination of a long account, may be referred by the fiat of the court, whether at law or in equity, where no questions of law arise to take them out of the rule. If not referable on that ground, it requires the assent of all the parties, and the referee must hear and decide the cause. A reference to take the testimony merely, would be a resuscitation of the former mode, and is substantially inhibited by the constitution. I am asked whether the party may not, as matter of right, demand a trial by jury. By the constitution, article 1, section 2, the trial by jury, *in all cases in which it has been heretofore used*, shall remain inviolate forever. This is the precise declaration of the former constitution, article 7, section 2, and the substance of the provision in the constitution of 1777. The practice of the Court of Chancery, as it existed while this state was a colony, subject to Great Britain, dispensed with trial by jury (except when specially directed by the court,) in all cases, and consequently before the adoption of either constitution. That practice has from time to time been regulated and sanctioned by statute. A trial by a·justice of the Supreme Court, at a special term, of an equity case, is clearly within the implied exception in the constitution. *Lee* v. *Tillotson*, 24 Wend. 337.

Reference denied.