By the Court. Duer, J.*
This was an appeal from an order of the special term, made by Mr, Justice Emmet, confirming the report of a referee.
The action was brought to compel the specific performance of a contract, by which the respondents agreed to sell to the appellant four lots of land at the northwesterly corner of Avenue A and Twentieth street, in the City of Hew York, and to make him advances to be applied in the erection of buildings thereon, and the appellant agreed, upon the completion of the buildings, to accept a .conveyance, and secure the consideration money and advances by bonds and mortgages; the contract contained a provision, that in case any liens or encumbrances, occasioned by the act or default of the véndee, should exist upon the premises when the deed would otherwise be deliverable, the respondents should not be compelled to make the conveyance, until such liens or encumbrances were removed.
It was alleged in the complaint, that the buildings had been completed in pursuance of the contract; that liens had been created by mechanics and material men,4against the interest of the appellant in the property, under the mechanics’ lien act of July, 1851; and that the appellant, instead of removing such liens and accepting the conveyance, and delivering the bonds and mortgages, in pursuance of his contract, had, upon the completion of the buildings, proceeded to rent the prdperty, remained in possession, and refused to fulfil his contract.
Upon the trial, before Mr.'Justice Campbell, in October, *677 1852, a judgment was rendered in favor of the respondents, by which the amount due to them was liquidated at upwards of eighteen thousand dollars, and a reference was ordered to ascertain whether any such liens existed upon the property, and the amount of them; and the appellant was required, within fourteen days after confirmation of the report, to procure the discharge of the liens, and to perform his contract, or, in default thereof, the property to be sold, and the amount due to the respondents to be paid out of the proceeds.
The report of the referee having been made, the appellant filed exceptions to it. The Respondents, upon an affidavit that no objections had been taken, or filed, before the referee, moved at the special term to set aside the exceptions and for the confirmation of the report. The appellant, in opposition to the motion, produced, and claimed to read, his own affidavit of the facts, with regard to the liens reported to exist by the referee, but did not procure or produce any report of the evidence upon which the report was made. The judge at special term made an order setting aside the exceptions, and confirming the report; and from that order this appeal was taken.
We think that the respondents’ counsel pursued the right practice in moving at special term for the confirmation of the report, this being a reference of a collateral matter for the purpose of carrying a judgment into effect, and not of the merits of the action. The judgment was final, disposing of all the rights of the parties, and the reference was analogous to that in a litigated mortgage case, where the decree of sale provides for a reference to ascertain the amount due on the mortgage before it is executed; and in such a case the case need not go again upon the calendar, but if exceptions are filed to the report, they are heard as a non-en u merated motion. We think also, that the appellant could not regularly file exceptions to the report, without having interposed objections before the referee, and no provision being made by the law, or the present rules of the court, for such a cause, the practice, under the present nineteenth rule of the Supreme Court, is that of the late Court of Chancery, in respect to proceedings in the master’s office. And manifestly the affidavit of the appellant of the facts upon which he claimed, that the alleged liens should be held not to *678 be encumbrances upon the property, could not be received upon the motion to confirm the report, but the appellant should have procured a special report of the testimony before the referee. The judge at special term was therefore right in setting aside the exceptions, and confirming the report.
But as the appellant might have been relieved at special term upon his affidavit of having mistaken the practice, and possibly might be upon this appeal, it seems proper to consider the ground upon which he claims that the alleged liens are no encumbrances upon his interest in the property. He insists that he is not an owner or contractor within the purview of the' lien law, having entered under a contract to purchase, and never having been invested with the legaVtitle to the property. We are of opinion, however, that his possession under this contract, providing for the erection of buildings, and for his acquisition of the legal title upon their completion, constituted an equitable ownership, upon which the liens of mechamos might properly attach, and that upon the delivery of the conveyance to him by which the equitable would become merged in the legal title, those liens would be paramount to the respondents’ mortgages. The language of the first section of the act is, that the mechanic or material-man, upon complying with its provisions, shall have a lien “ to the extent of the right, title, and interest, at that time existing, of such owner.” And we do not see why this language is not broad enough to embrace an equitable as well as a legal title. We are satisfied that this construction is necessary to give effect to the intention of the Legislature. Houses are now generally built under contracts similar to that which has led to this suit, and in all these cases, unless the contractor is to be deemed the owner, mechanics and material-men would be defrauded of their lien, and the act for their relief become a mockery and a snare.
The order setting aside the exceptions, and confirming the report of the referee, must be affirmed, with costs.

 Ex relatione J. Larocque, Esq.