# SUPREME COURT.

## DRAPER and others, agt. DAY & ORVIS.

An issue of *fact* formed by the pleadings, in an action to set aside an assignment for the benefit of creditors, for fraud, not requiring the examination of an account, must be tried by the *court*, unless *ordered* (on motion) to be tried by a jury, or referred by consent of parties. It is not a *referable* cause under the Code.

*Essex Special Term, July,* 1855.

MOTION to refer.

The action is against a judgment-debtor and his assignee, to set aside an assignment for the benefit of his creditors for fraud; and to have the avails of the assigned property applied in payment of the judgment.

On the part of the defendants, it is objected that the court has no power to order a reference in such case, either to hear and determine the cause, or to report the evidence on the facts. But it is insisted that the cause must be tried by the court, unless, on motion, the court order it to be tried by jury.

H. GIBSON, *for plaintiffs.*

MILLARD & KING, *for defendants*

BOCKES, Justice. The distinctions formerly existing between actions at law and suits in equity are abolished; (*Code,* § 69:)

and, as will be seen by reference to the preamble to the Code, it was intended thereby to establish a uniform course of proceeding in all cases. All statutory provisions, too, inconsistent with the provisions of the Code, are repealed. (*Code*, § 468.) And the former rules and practice of the courts in civil actions, so far as they are inconsistent therewith, are abrogated. (*Code*, § 469.)

The supreme court being vested with law and equity powers, and the old distinctions between actions being abolished, and the former rules and practice of the courts being abrogated, so far as such distinctions, rules and practice were inconsistent with the Code, actions at law and in equity must stand alike, in regard to the mode of disposing of issues by trial. All issues of law must be tried by the court, unless referred by consent of parties, or by order of the court, pursuant to § 271. (*Code*, § 253, 270, 271.) The issue, in this case, is one of fact, and the question is, how is it to be tried?

The Code provides three modes of trial of issues of fact—by jury, by the court, and by referees. Issues of fact which must be tried by a jury, unless a jury trial is waived, or unless referred by consent or order of the court, are such as are raised in actions for the recovery of money only, or for the recovery of specific real or personal property, or for a divorce on the ground of adultery. (*Code*, § 253.)

*Every other issue* is triable by *the court*, which, however, may order the whole issue, or any specific question of fact involved therein, to be tried by a jury, or may refer it, as provided in §§ 270, 271.

This case, not being one which must be tried by a jury, unless a jury trial is waived, or unless referred, the issue therein appropriately belongs to the court to try—and must be tried by the court, unless ordered to be tried by a jury, or referred. The reference is given pursuant to § 270, 271. (*Code*, § 254.) Section 270 provides for references by consent of parties, and of course has no application to this motion.

Then, is this action referable under § 271? Clearly not. The trial will not require the examination of a long account,

Draper and others agt. Day & Orvis.

as can be discovered from the moving papers; nor is the taking of an account necessary; nor does the case now present any question of fact other than upon the pleadings. Under the provisions of the Code, therefore, this case, as presented, is not referable.

The plaintiffs' counsel insists, that the cause may be referred under § 77 of the judiciary act of 1847. (*Sess. Laws* 1847, *chap.* 280, *pp.* 319, 344.) But in my judgment this section was not intended to embrace the reference of a cause, either for the purpose of determining it by a trial, or to report the facts or evidence, but was intended to apply to interlocutory matters in the progress of the cause—such as computations of interest, and similar services; services which left the merits of the action to be determined by the court on an ordinary and formal trial.

To hold that a reference to take and certify the evidence might be ordered without the consent of parties, would continue one of the evils which our present judicial system was intended to remedy. It is a just requirement, one which our sense of propriety and justice commends, that the evidence in a cause, when practicable, be given in the presence of those who are to adjudicate thereon.

The motion must be denied, and the cause must be tried by the court, in case the parties will not stipulate to refer. Had a motion been made within ten days after the issue was joined, (*Rule* 70,) and *excuse* therefor shown, the issues would have been settled, and an order granted that they be tried by jury.