## ELMORE *a.* THOMAS.

*Supreme Court, Fourth District ; Special Term, June,* 1858.

AFFIRMATIVE RELIEF.—JUDGMENT AGAINST A MARRIED WOMAN. —PLAINTIFF.—REFERENCE.

In an action brought by a married woman, by her next friend, for specific performance of a contract of sale of her separate property, entered into with her by the defendant, the answer did not claim affirmative relief; but the referee to whom the cause was referred reported that the breach arose by the plaintiff's default, and that the defendant was entitled to judgment for the recovery of a deposit paid by him, and for costs.

*Held,* on the defendant's motion for relief thereupon, 1. That the proper course was to refer it to the same referee to ascertain and report upon the facts stated in the moving papers, and to report a particular description of the plaintiff's real estate, in order to a final decree.

2. That the next friend should be required to show cause why he should not pay the defendant's costs.

Of the practice of referring causes equitable in their nature.

Motion for confirmation of report of a referee, and for other relief.

This was an action commenced before the amendment of the Code in 1857. The plaintiff was a *feme covert*, and appeared by a next friend. The action was to compel specific performance of a contract for the sale of real estate from her to the defendant Thomas. The husband of the plaintiff was also made

a defendant. The parties, by written consent, referred the action to a sole referee. The report of the referee was in favor of the defendants, finding such facts as were strictly within the issues upon the pleadings. Among other facts, he found that, at the time of making the contract, the defendant paid $100 upon it; that the non-performance was the fault of the plaintiff; and that the defendant was entitled to judgment, with costs, and also judgment to recover back the sum of $100 and interest, paid at the time of making the contract. The defendant Thomas moved for confirmation of the report of the referee, and upon the report and *affidavits*, to have such equitable relief against the plaintiff for the amount of the judgment and costs, as he was entitled to.

*Hughes & Northop*, for the motion.

*Wait & Reynolds*, opposed.

POTTER, J.—This is an equity case, and not strictly a referable one. (*Code*, § 254.) By the *written* consent of the parties, however (*Code*, § 270), it could be, and was referred. The affidavits, as well as the pleadings, sufficiently show that there are collateral questions of fact in the case, important to be known by the court as a court of equity, before framing their final decree. The plaintiff in this case, as a married woman, made a contract in regard to the sale of her real estate, and received from the defendant a payment of money upon such contract. She, by her own act, afterwards prevented *his* performance until the property had been consumed by fire, and then brought her action against him for specific performance of the contract. The referee found against the plaintiff; but she still has the defendant's money received on the *contract;* and an ordinary judgment at law against her for this money could not be enforced, nor, perhaps, a judgment for costs. It also appeared, that at the time this action was commenced the next friend of the plaintiff was liable for costs, from which the amendment of the Code in 1857 has not relieved him. In such cases as this, the better practice is, that the order of reference should not be *general*, but limited in terms, to try the issues presented by the pleadings *only*, the court retaining control of the cause, except for the purposes of trial. (Billings *a.* Baker, 6 *Abbotts'*

*Pr. R.*, 217.) The report of the referee in this case has been strictly confined to the question presented by the issues in the pleadings, according to section 271, and to this extent his report " *is the decision of the court.*" In a certain class of equity cases, the practice requires the report of the referee to be presented to the court for confirmation. This is especially so, when collateral matters arise in the case, not strictly within the issues presented by the pleadings, or upon the merits, but necessary to be known and understood by the court. Though I think that the equities now claimed by the defendant might have been set up in his answer. The better practice is, when such equities are not set up in the pleadings, to move for confirmation of the report, as was done in this case. This should be done as a basis, upon which to move for further equitable relief. (Griffing *a.* State, 5 *How. Pr. R.*, 205 ; Belmont *a.* Smith, 1 *Duer*, 675 ; Banter *a.* Brady, 8 *How. Pr. R.*, 216.) In such equity cases where facts other than those presented by the issues in the pleadings are necessary to be known to the court, in order to enable them to frame the proper decree (which must ever depend somewhat upon the discretion of the court, and especially questions in regard to costs), the court have power, by subdivision 3 of section 271 of the Code, even without the consent of parties, to *refer* the case for such a purpose. And I have no doubt the court possess this power inherently by section 5, article 6, of the constitution, even without this provision of the Code. They would fail to be a court of equity, in a variety of cases that might occur, were they tied up in the exercise of their equity powers to the provisions of a statute intended as a mere system of general practice. This practice will not be found to be in conflict or inconsistent with the provisions of the Code, and is therefore preserved in terms by section 469. There will be various questions, that arise in equitable suits, that cannot be cramped within the arbitrary and ordinary rules applicable to common-law proceedings ; for although the rules of pleading in law and equity cases are now confined to one uniform system— and law and equity are both to be administered by the same court—it does not follow that the well-settled principles which have ever distinguished the two systems have been changed. It is not so. I do not know that it is even so claimed. The constitution itself recognizes the distinction between law and

equity. It was doubtless the object of the codifiers, in the provisions of section 254 of the Code, to give to the *court* the trial of this class of equity cases. It would be a better rule in administering the law of equity, to have the report of a referee upon such collateral facts as exist in this case, than to determine them upon affidavits. This will afford each party an opportunity to be fairly heard in relation to them. The report of the referee upon his findings of facts, and conclusions of law upon the issues in the pleadings in this case, are affirmed ; and I direct that an order be entered, referring it to the same referee to find and report upon such *collateral* facts as are set forth in the affidavits used on this motion ; and especially, to take proof of, and report, a particular description of the plaintiff's real estate, so that the final decree, if proper, may be made a specific lien thereon. A further order may also be entered, requiring the next-friend of the plaintiff to show cause, upon due notice, at the final hearing, why he should not pay the defendant's costs.