NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE.—FEBRUARY, 1877.

## MATTER OF ESPIE.

*In the matter of the Estate of* JAMES ESPIE, *deceased.*

A Surrogate's decree having been adjudged void, by the Supreme Court, it is superfluous for the Surrogate to vacate it.

On an application to the Surrogate to sign the record of business left incomplete by his predecessor, it is proper to require proof by affidavit or otherwise, of the facts; and to recite in the record, the mode in which the record was completed.

The parties in interest should have opportunity to be heard on such application, unless their consent is produced.

THIS was an application, in the matter of the estate of James Espie, deceased, to vacate a decree filed 29th December, 1875, on a final accounting of the administrator.

The decree in question though filed and acted upon, seems not to have been signed by the late Surrogate Hutchings, but was signed by the present Surrogate, as

a completion of the unfinished record of his predecessor.

CULVER & WRIGHT, *for the petitioner.*

BUTLER, STILLMAN & HUBBARD, *in opposition.*

THE SURROGATE.—The reason for this motion arose out of the fact that the subsequent signature of the present Surrogate was adjudged invalid, and the decree therefore a nullity, and being so, I am not able to appreciate the necessity, or propriety of vacating what seems to have been adjudged by a judge of the Supreme Court at Chambers, to be no decree ; much less would it seem proper for me to pass a decree of final accounting, without the parties being before me, and the auditor's report being confirmed ; for if the proceedings of the late Surrogate are void, I should not feel at liberty to predicate any action upon them, but must consider the propriety of the decree as an original question.

By section 11, of 2 *Statutes at Large,* 232, it is provided that upon the office of any Surrogate becoming vacant, his successor shall have power and authority to complete any business that may have been begun, or that was pending before such Surrogate.

By chapter 74, of the laws of 1870, section 2, it is provided that for greater certainty, and to avoid all doubt, it is lawful for any Surrogate in his own name, to sign, certify, and complete all unfinished records of wills, and of proofs, and examination taken by, and before his predecessor in office, adding to his signature the date of so doing. This latter section was amended by chapter 9 of the laws of 1874, adding authority thus to sign, certify, and complete records of the letters testamentary, administration and guardianship.

I think it is a serious question whether greater certainty, or the avoidance of all doubt is secured by the acts recited.

The 11th section of the revised statutes above cited, was intended to give to a Surrogate power and authority to complete any business that may have been begun, or that was pending before his predecessor. Indeed, without that statute, as the *office continues*, though the term of the incumbent may expire, or he be removed by death, or otherwise—I am of the opinion that the authority of a successor, under his general powers, would extend to the completion of business pending when he entered upon his official duty; and the term *"becoming vacant,"* in section 11, I think should be construed to mean, when one Surrogate goes out, and his successor becomes vested with the functions of his office. To hold otherwise, would be to involve an incoming Surrogate in great unnecessary labor, in a trial of contested matters which had been under his predecessor nearly concluded, and any record of a will, or otherwise, which should not have been completed by the signature of the Surrogate, would apparently have to be recorded anew, which would seem to be absurd. Hence, it appears to me, that the acts designed to avoid all doubt, have in effect increased that doubt, for they have limited the completion of a prior Surrogate's business, to the signing of specific records, and created what doubt exists, as to whether the successor may complete any other business left unfinished under the 11th section above cited.

I entertain no doubt, therefore, that any decree actually made by any of my predecessors which is incomplete by their failure to sign the same, may be made complete by the present Surrogate, without the necessity of taking up the matter *de novo;* the only question of doubt being, how that completion shall be made; and it seems to me that a Surrogate having that general power to complete the business of his predecessor, when he does so complete it, the presumption is that he has

possessed himself fully of the facts, as to the business of his predecessor left thus incomplete.

But it seems to me that a precaution very proper to be observed by a successor, and which would render the proceedings intelligible, would be to require an affidavit, or other proof, to advise him of the facts and thereupon to complete the business from the point, where it was left unfinished, under an order of his Court, reciting the fact that he had been duly advised as to the action of his predecessor, and then the record thus completed, together with the order under which it should be so completed, would make the record both intelligible and conclusive.

Under the circumstances of this case, I cannot consent to enter a decree *de novo*, without the parties being heard, unless evidence is furnished to me of the confirmation of the auditor's reports, or the consent of the parties interested in the settlement of the account as rendered. Either of these facts being presented, I should then be enabled to enter a decree in conformity thereto.

Order accordingly.