WILLIAM T. TOOKER AND OTHERS, APPELLANTS, *v.* MARKS RINALDO AND OTHERS, RESPONDENTS.

*Foreclosure under mechanic's lien law — when reference may be ordered — chap.* 379 *of* 1875.

In an action for the foreclosure of a mechanic's lien, under chapter 379 of 1875, where the owner alleges that he has paid the contractor all that was due him; that by reason of his failure to perform his contract the owner has been subjected to additional expense, and that he has a right to certain deductions, his right thereto being only determinable by an examination into the details of the work, the items to be examined exceeding 300, *held*, that the cause was one in which the court might order a reference.

The provision of the statute that "the manner and form of instituting and prosecuting any such action to judgment * * * shall be the same as in actions for the foreclosure of mortgages upon real property" does not prohibit a reference of all the issues.

APPEAL by plaintiffs, sub-contractors, from an order directing a reference, in an action for the foreclosure of a mechanic's lien.

The defendant Rinaldo, the owner of the premises, moved for a reference on the pleadings and his own affidavit, on the ground that the trial of the issues would require the examination of a long account.

The answer of Rinaldo alleges, among other matters, that he had paid the contractors the whole amount due them under their contract; a breach by the contractors of the contract for the erection of the buildings; claimed a reduction in price for inferior quality; damages for neglect of the contractors to complete the building within the time agreed on; abandonment of the work by the contractor, by which the owner was compelled to pay $1,800 for its completion. The justice, at Special Term, granted a reference.

*George H. Forster*, for the appellants.

*Albert Cardozo*, for the respondents.

BRADY, J.:

Although this action, brought to enforce a lien for materials furnished towards the construction of a building, is, in its nature, a foreclosure proceeding (chap. 379, Laws of 1875, § 10), the right of the

plaintiff to recover rests upon the contract between the defendant, the owner, and the persons with whom he contracted. The state of their accounts may be a subject of investigation, and if that become necessary the case may be one involving a long account. Where, as in this case, the owner avers that he has paid his contractors, in good faith, all that he owed them under the contract, and that by reason of their failures to perform and abandonment of the contract he has been subjected to additional expense, and has the right to deductions from the price to be paid, the inquiry necessarily demands an examination of the details of which these elements consist, and in this case it is stated by the defendant, the owner, that the items on both sides, the plaintiffs' and his, will be over 300. The deductions may not be strictly matters of account, but the payments to the contractors and the sums expended to complete the building after its abandonment by them are matters of account relating to a contract, and whether such an action should be referred is a matter of discretion.

The right to compel a reference cannot well be questioned. (Code, §§ 253, 254, 270, 271.) Under these provisions the distinction between actions at law and in equity having been abolished, issues of fact in an action for the recovery of money only, or of specific, real or personal property, or for a divorce on the ground of adultery, must be tried by a jury, if not referred, or a jury be not waived; but every other issue is triable by the court, which may order the whole issue, or any specific question of fact involved therein, to be tried by a jury, or may refer it as provided in sections 270, 271. Where the trial will require the examination of a long account on either side, the court may, upon application or its own motion, direct a reference, for the purpose of a hearing and decision of the whole issues by the referees. (§ 271; *Draper* v. *Day & Orvis*, 11 How. Pr. Rep., 439.) This discussion of the power to order a reference results from the point taken by the appellant, that this being an action in which the form and manner of prosecuting it shall be the same as in actions for the foreclosure of mortgages upon real property (§ 10, act 1875, *supra*), a reference could not be ordered. It is quite apparent that the examination of a long account is necessary, assuming that the defense is *bona fide*, which must be done. If the defendant, the owner, was entitled to

deductions when the plaintiff's lien was filed, they must be allowed before he can be called on to pay any thing further. The same observation applies to the sums paid to complete the building after the alleged abandonment by the contractors, and so indeed as to any set-off or recoupment of damages. These elements might be considered and passed upon by the court at Special Term, but that is not the question here. It is whether the cause is referable, and whether any abuse of discretion signalizes the action of the court in compelling a reference. We think the cause is referable, and that no wrong was done or error committed in making the order appealed from. It must, therefore, be affirmed with ten dollars costs and the disbursements of this appeal.

DAVIS, P. J., concurred.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

Order affirmed, with ten dollars costs and disbursements.