KINGS COUNTY.—HON. WALTER L. LIVINGSTON, SURROGATE.—March, 1880.

MATTER OF MARTINHOFF.

*In the matter of the probate of the last will and testament of* JOHN H. MARTINHOFF.

The Surrogate has the power to take up the probate of a will at the point where it was left by his predecessor in office, complete the proofs, and then decide the question at issue upon the *whole* evidence, including that taken before his predecessor.

The provisions of the Revised Statutes (2 *R. S.*, § 11, 223), that "upon the office of any Surrogate becoming vacant, his successor shall have power and authority to complete any business that may have been begun or that was pending before such Surrogate," apply to all cases where the actual incumbent vacates the office for any cause.

People *v.* Shaw, 3 *Hun*, 279; S. C., 63 *N. Y.*, 36, distinguished.

APPLICATION for probate of will.

HENRY L. PLACE, *for proponent.*

GEO. P. AVERY, *for contestant.*

THE SURROGATE.—The question presented in this case is whether I have the power to take up the probate of a will at the point where it was left by my predecessor in office, complete the proofs and then decide the questions at issue upon the *whole* evidence, including that which was taken before my predecessor.

The Surrogate's Court has only a special and limited statutory jurisdiction, and, in general, its proceedings can be sustained only by showing a conformity to the statutes on the subject. Hence, I must hold that I have no such power, unless it is derived from some statute. But I think such power is conferred by the provisions of 2 *R. S.*, 223, § 11.

The object of the statute is to prevent the necessity of beginning over again any business which may be pending unfinished in the Surrogate's Court, at the time a change of Surrogates occurs. It is remedial and must be liberally construed, and is not to be limited to the case of a vacancy in the office, when there is no person entitled to fill it. It may properly be construed to embrace all cases where the actual incumbent vacates the office for any cause, and I think I am sustained in this construction by the learned Surrogate of New York. (Matter of Espie, 2 *Redf.*, 445.)

The probate of this will was business that had been begun and was pending before my predecessor, and these provisions of the Revised Statutes expressly give me the power and authority to complete it; that is to say, to take it up just where it had been left unfinished by my predecessor, and to carry it on to a final determination. I am aware that the spirit of our laws relating to evidence require, as a general thing, that the

judge who is to decide a controverted question of fact, should have the advantage of seeing the witnesses, and hearing them give their testimony. This is made manifest by the provisions in the state constitution, requiring that the testimony in equity cases shall be taken in like manner as in cases at law. (Draper v. Day, 11 *How. Pr.*, 439.) But this rule only prevails in the absence of statutory provisions to the contrary. (Draper v. Day, *supra; Code of Civ. Pro.*, § 1015.) I have not overlooked the case of People v. Shaw (3 *Hun*, 272), affirmed by the Court of Appeals (63 *N. Y.*, 36), in which it is held that one of several judges who has not heard nor *read* a material part of the evidence given while he was absent from the bench, cannot take part in the subsequent deliberations and rulings in the course of the trial. But here the testimony taken before my predecessor has been reduced to writing, and signed by the witness, and can be read by me before any further evidence is taken.

Ordered accordingly.