GEORGE STREAT, Respondent, *against* VICTOR HENRY ROTHSCHILD *et al.*, Appellants.

(Decided March 15th, 1883.)

Although upon the trial of an action between copartners for an accounting, in which the issue is upon the efficacy of a release by plaintiff to defendant, entries in books of account may be given in evidence, the trial does not therefore "require the examination of a long account," within the meaning of section 1013 of the Code of Civil Procedure, and a compulsory reference is therefore not authorized by that section.

APPEAL from an order of reference.

The action was brought for an accounting between partners. The defendants answered separately, admitting the partnership agreement and business under it. The defendant Rothschild alleged a release under seal, and the other defendant payment of all sums due the plaintiff. The plaintiff moved for a reference, and his motion was granted. From the order of reference the defendants appealed.

Streat v. Rothschild.

*S. P. Nash,* for appellants.—It is only where "the trial of the issues of fact" requires the examination of a long account that the issues can be referred without consent (Code Civ. Pro. § 1013). The issue here is not in respect to the account, but in respect to the right to an account. Where a partnership has existed and been terminated, an accounting follows, of course, if the accounts are disputed; but the action is an equitable action, and if an account stated, a settlement or a release is set up, such settlement or release must be first set aside before the accounts can properly be taken. It would be an intolerable practice to take the accounts, in the first instance, before a right to an account is established.

The affidavit on the part of the plaintiff attempts to take the case out of this well-settled rule by stating that he intends to attack the release and settlement, and that an examination of the accounts is necessary for that purpose. There should be something more than the affidavit of the attorney on this point. He cannot know what took place on the settlement. If true, this shows only an incidental and collateral need for looking into the accounts, which is not sufficient to justify a compulsory reference (*Kain* v. *Delano,* 11 Abb. N. S. 29; *Camp* v. *Ingersoll,* 86 N. Y. 433). But this allegation is explicitly denied.

The motion appears to have been granted on the authority of *Walsh* v. *Darragh* (52 N. Y. 590). That was a legal action, and plaintiff, to prove his case, had to prove an account. Here plaintiff, to prove his case, has simply to prove the partnership agreement. Then the defendant takes up his defense. The evidence in reply is an attack on the release.

*Wm. King Hall,* for respondent.—The action being referable, the order of reference is not appealable (*Gray* v. *Fox,* 1 Code Rep. N. S. 334; *Bryan* v. *Brennon,* 7 How. Pr. 359; *Dean* v. *Empire State Mut. Ins. Co.,* 9 How. Pr. 69; *Tallman* v. *Hinman,* 10 How. Pr. 89; *Ubsdell* v. *Root,* 1 Hilt.

Streat v. Rothschild.

173; *Hatch* v. *Wolf*, 30 How. Pr. 65; *Walsh* v. *Darragh*, 52 N. Y. 590).

Although the question as to the validity of a release should ordinarily be first disposed of before ordering a reference, yet where, as in this case, it is so connected with the accounts of the parties that a full statement of the accounts will require an examination, the case should be referred (*Mills* v. *Thursby*, 11 How. Pr. 113; *Kennedy* v. *Shilton*, 9 Abb. Pr. 157, note; *Batchelor* v. *Albany City Ins. Co.*, 6 Abb. Pr. N. S. 240; 37 How. Pr. 399; *Whitaker* v. *Desfosse*, 7 Bosw. 678).

The action is for an accounting, and therefore referable. The defendants cannot make it non-referable by their answer (*Walsh* v. *Darragh*, 52 N.Y. 590; *Williams* v. *Allen*, 2 Hun 377; 48 How. Pr. 357; *Patterson* v. *Stettauer*, 39 N. Y. Super. Ct. 413; *Maryott* v. *Thayer*, Id. 417; *McKay* v. *Jarvis*, 8 N. Y. Week. Dig. 155).

BEACH, J.—[After stating the facts as above.]—This is an action in equity, for trial by the court without a jury. A compulsory reference, however, cannot be ordered, unless the examination of a long account on either side will be required, and the decision of difficult questions of law will not be called for (Code Civ. Pro. § 1013; *Camp* v. *Ingersoll*, 86 N. Y. 433).

Although there may be some uncertainty in applying the numerous adjudications upon this subject, I think a proper construction is adverse to the power of the court to direct a compulsory reference unless *the trial of the issue* will necessitate the examination of a long account (*Kain* v. *Delano*, 11 Abb. Pr. N. S. 29; *Townsend* v. *Hendricks*, 40 How. Pr. 143). It was held by this court, in *Turner* v. *Taylor* (2 Daly 278), that the account must be directly in issue, and not the subject of examination collaterally to establish some one of the issues in the action. The pleadings admit the partnership, and all required of the plaintiff is to give in evidence the agreement. The practice of the court in this class of actions is to send the partnership

accounts to be stated by a referee, but this has been done by the court for economy of time, and not because either suitor had the legal right to require it.

The issue here is upon the efficacy of the release, and that is raised by the plaintiff, not by virtue of his complaint, but in rebuttal. To prove this contention, entries in books of account may be given in evidence, but this is not the examination made requisite by the statute. The reference there is to an examination of items in issue between the parties, and affecting the judgment either by their allowance or disallowance in whole or in part.

In *Welsh* v. *Darragh* (52 N. Y. 590) the action was at law for the price of goods sold and delivered, and it was held its character could not be changed by an answer alleging fraud in the transaction, with claim of damage by way of recoupment. Proof of plaintiff's account was necessary, and the defense, under less liberal rules of practice, must have been the subject of an independent action. No such question is presented by this appeal, because the character of the action is in nowise affected by the answer, but it remains one where an accounting may not be had until the plaintiff succeeds upon an issue, the disposition whereof the defendant has the right to demand should be made by the court rather than by a referee (*Wheeler* v. *Falconer*, 7 Robt. 45).

The order should be reversed, with ten dollars costs and disbursements to abide the event.

CHARLES P. DALY, Ch. J., concurred.

VAN BRUNT, J., concurred in the result.

Order reversed, with costs to abide event.