REISER v. PLATH.

(*Common Pleas of New York City and County, General Term.*    February 2, 1891.)

WHEN REFERENCE GRANTED.

> The complaint set forth four separate causes of action, of which two were upon notes, one on an account stated, and one for money lent. The answer was a general denial and payment. *Held,* that it was not within the discretion of the court to order a reference, there being no accounting involved in the account stated, and no charge of fraud or mistake as to any item thereof, although plaintiff averred that defendant might contend that the sum due on the account was embraced in one of the notes.

Appeal from special term.

Action by Jacob Reiser against Ernest F. Plath, as administrator of Charles A. Plath, deceased.    Defendant appeals from an order referring the action to a referee to hear and determine the same.

Argued before ALLEN, P. J., and BISCHOFF and PRYOR, JJ.

*H. M. Gescheidt,* for appellant.    *Johnston & Johnston, (Edward W. S. Johnston,* of counsel,) for respondent.

PER CURIAM.    The appeal is from an order of compulsory reference. The complaint exhibits four several and separate causes of action, namely, two upon promissory notes, one upon an account stated, and one for money lent. The answer is, in legal effect, a general denial, and a plea of payment.    We are of opinion that the court had no power to order a reference for determination of the issue, but that the parties were entitled to a trial of them by a jury. Clearly so as to the promissory notes, and the claim for money lent; and, as to the account stated, the issue involves no accounting, but only whether there has been an accounting between the parties, a balance ascertained and admitted, and a promise, express or implied, to pay that balance.    No item of the account being challenged for fraud or mistake, the only issues are, was the account stated, and has the sum agreed to be due plaintiff been paid.    Under the pleadings, plaintiff would not be permitted to prove, nor defendant to disprove, the correctness of the account in its details, but the evidence would be restricted to the facts of an account stated and payment of the balance.    It appears by plaintiff's affidavit that defendant may contend that the sum due upon the account stated is embraced in the $8,800 note; and plaintiff says that to determine whether this be so will require the examination of a long account.    But "the account to be examined must be the immediate object of the action or the ground of the defense; must be directly, not collaterally, involved," (*Camp* v. *Ingersoll,* 86 N. Y. 433;) and the examination required must be of the items of the account, and not merely of its effect or result, (*Streat* v. *Rothschild,* 12 Daly, 95; *Magown* v. *Sinclair,* 5 Daly, 63.)    Assuming that in some way the account may be relevant evidence on the question of the merger of the account stated in the note, we are unable to perceive how the trial of that question can require "proof by testimony of the correctness of the items composing it."    5 Daly, 63.    The right to trial by jury should not be denied except in a case entirely clear of the constitutional guaranty.    If the order were one in the discretion of the court below, we should not disturb it; but, being an order beyond the power of the court to make, we have no alternative but to reverse it.    And it is so ordered.