### DOYLE *v.* METROPOLITAN EL. R. Co. *et al.*

*(Common Pleas of New York City and County, General Term.* December 5, 1892.)

1. **REFERENCE—TO TAKE TESTIMONY.**
   Under Const. 1846, art. 6, § 10, which prescribes that testimony in equity cases shall be taken in like manner as in law cases, though a court may delegate to a referee the authority, within certain limitations, to hear and determine issues of fact, such court cannot authorize a referee to take testimony to be used in the trial of a case before it.

2. **SAME—LONG ACCOUNTS—LOSS OF RENTALS.**
   A question as to the value of the fee and the amount of the rental loss in land taken by a railroad company does not involve "a long account," within Code Civil Proc. § 1013, authorizing a compulsory reference in such case.

3. **SAME—ISSUES ARISING ON PLEADINGS.**
   Where the value of the rental loss and of the fee in the land taken is set out in the complaint and denied in the answer, the issue thereon arises on the pleadings, within Code Civil Proc. § 1015, providing that no question of fact arising on the pleadings can be referred.

4. **APPEAL—ESTOPPEL.**
   Defendants will not be estopped from appealing from a void order of reference by reason of their having proceeded with the trial before a referee under such order.

Appeal from special term.

Action for damages by Anna Maria Doyle against the Metropolitan Elevated Railroad Company and another. Defendants moved for a resettlement of an order of reference, and to vacate the reference, and from an order denying both motions they appeal. Order denying resettlement affirmed. Order denying motion to vacate reversed.

For former reports, see 8 N. Y. Supp. 323, 11 N. Y. Supp. 65, and 12 N. Y. Supp. 548.

Argued before DALY, C. J., and BOOKSTAVER and PRYOR, JJ.

*Davies & Rapallo,* (*Brainard Tolles* and *Julien T. Davies,* of counsel,) for appellants. *W. G. Peckham,* for respondent.

PRYOR, J. The appeal is from two orders, one denying a motion to resettle an order of reference, and the other denying a motion to vacate the reference. As to the proposed order upon resettlement, the learned trial judge refused it, because of the omission of "matters essential to a proper review of the order of reference," and because of recitals in it, said by the judge to be inaccurate. There being no authentic record of the facts in question, we accept the recollection of the court as conclusive. But, should the divergency of view between the court and counsel be supposed to leave the facts in doubt, it is quite obvious that any attempt, upon a resettlement, to reconcile the discrepancy, would be nugatory. The affirmance of the order denying a resettlement is, however, of no prejudice to the defendants, since, upon the appeal from the order refusing to vacate the reference, they are at liberty to contest the order of reference as an unwarrantable exercise of judicial power. *Kamp* v. *Kamp,* 59 N. Y. 212; *People* v. *Brown,* 103 N. Y. 684, 9 N. E. Rep. 327; *Read* v. *Lozin,* 31 Hun, 286. As the record contains the order of reference, the proposed order upon resettlement, the order denying the motion to resettle, and the pleadings exhibiting the character of the action and the issues involved, we have before us everything requisite to a determination of the question submitted to adjudication, which is whether the order of reference was within the jurisdiction of the court. The order is in these terms: "The issues in the action having come on for trial at an equity term of this court held by the Hon. HENRY BISCHOFF, Jr., Justice, and the court having taken testimony as to the title of the plaintiff to the premises described in the complaint, and as to certain other issues, and having noted certain admissions made, it is now by the court, of its own mo-

tion, counsel for the defendants objecting, ordered that it be referred to Charles N. Morgan, Esq., counselor at law of the city of New York, to take testimony as to the value, if any, of the easements and property taken, appropriated, or interfered with by the defendants for the maintenance or operation of their railway in front of plaintiff's premises, and as to the amount of the rental loss, if any, which plaintiff has heretofore suffered therefrom, and to report the same to the court, with his opinion thereon; but as to the value of the fee, he shall only estimate on the impairment of light, air, and access; ordered, further, that the taking of such testimony proceed with all convenient dispatch; and it is further ordered that upon the filing of said report in the office of the clerk of this court, either party may apply to the Hon. HENRY BISCHOFF, Jr., the justice before whom this action is pending, upon two days' notice, for the continuation and closing of the trial of the above-entitled action." It is requisite to observe that the reference is not to hear and determine, but only to take and report, testimony, with an opinion, for the consideration of the court. The action is in equity. The cause of action was single, and is exclusively of cognizance by a court of equity. *Lynch* v. *Railroad Co.*, 129 N. Y. 274, 29 N. E. Rep. 315. But this is the theoretical aspect of the action, according to scientific classification. In practical result it is to recover the value of the property taken, and damages for antecedent injury to it. Hence the query in *Roberts* v. *Railroad Co.*, 128 N. Y. 455, 28 N. E. Rep. 486, significantly repeated in a subsequent case in the same court, "whether the defendant has the right to refuse to pay, and to submit to the injunction." Regarding the action, however, in a technical view, and as a formal suit in equity for injunctive relief, the precise question is whether the court had power to delegate to a referee the office of taking the testimony necessary to ascertain the value of the fee and the amount of rental loss. Upon principle and authority we are of opinion that the court had not the power. It is no argument for the power to say that it is inherent in a court of chancery. In this state, in respect of the point in controversy, the procedure on the trial of causes in equity is subject to express and peremptory regulation. The constitution prescribes that "the testimony in equity cases shall be taken in like manner as in cases at law;" that is, in open court, in the presence and under the supervision of the judge who is to decide the cause. *Phillips* v. *Gorham*, 17 N. Y. 273; *Draper* v. *Day*, 11 How. Pr. 441; *Rathbun* v. *Rathbun*, 3 How. Pr. 139. The present is "a case in equity," and the order of reference, being merely to take testimony, is apparently within the express interdict of the constitution.

It is insisted, however, that here is no taking of testimony in the case, but only upon a collateral question of fact arising in the progress of the action. Code, § 1015. The argument is a palpable evasion of the letter and the policy of the constitutional provision. The questions of fee value and rental loss are inseparably incorporated in the action, and their determination is essential to that complete relief which it is the function of a suit in equity to afford. Nay, more, the amount of that value and of that loss is alleged in the complaint, and denied in the answer, and so is formally, as well as substantially, an issue in the action. But by the express terms of section 1015 no question of fact arising "upon the pleadings" can be resigned to a referee for proof; and even when a question of fact not arising on the pleadings is referred, it is referred, not merely to take testimony, but "to determine," whereas here the reference is only to take testimony and report. Obviously, the order in discussion is not authorized by the last sentence of the section. Neither is there warrant for it in the rest of the section. The first clause empowers the court to "direct a reference to take an account;" but here is no pretense of an account. *Camp* v. *Ingersoll*, 86 N. Y. 433. That case the respondent adduces as authority for the proposition that the last clause of section 1015 permits the reference in controversy. The action was "to

recover the value of certain shares of the stock of a manufacturing corporation, which the complaint alleged the plaintiff was entitled to recover under an award." The decision of the court was that, although, to ascertain the value of the stock, it might be necessary to strike a balance between the assets and liabilities of the corporation, yet this was not such an account between the parties as would justify a reference under the first clause of the section. At the end of the opinion (page 437) it is said, however, that a reference might be directed, under the second clause of the section, to take and report testimony as to the value of the assets, with the opinion of the referee thereon. But this was mere *obiter dictum*, unsupported by argument or authority, and in direct conflict with the terms of the clause which allow a reference to "determine  *  *  *  a question of fact." If the case were an adjudication, still it is not apparent that the question of value, as here, arose upon the pleadings, and so within the provision of the statute. In *Shepard* v. *Railroad Co.*, 131 N. Y. 215, 224, 30 N. E. Rep. 187, Judge GRAY denominates the disputes as to the amount of fee and rental values "questions which arise on the pleadings;" and in *Roberts* v. *Railroad Co.*, 128 N. Y. 455, 464, 28 N. E. Rep. 486, Judge PECKHAM says that by the action "the plaintiff has brought before the court the question, what were the damages to the fee? The amount of damages thus caused to the plaintiff's fee is the precise question which the court or jury must determine." But the reference authorized by the second clause of the section (1015) is not to take and report testimony upon the issues in the action, but to determine and report upon collateral matters arising in the progress of the cause. "In such equity cases, where facts other than those presented by the issues in the pleadings are necessary to be known to the court in order to enable them to frame the proper decree, the court have power, even without the consent of parties, to refer the case for such purpose." POTTER, J., in *Elmore* v. *Thomas*, 7 Abb. Pr. 70, 72. That the *dictum* in *Camp* v. *Ingersoll* is of no authority upon the point in controversy is not only evident in reason, but has been decided by the supreme court at general term in *Bank* v. *Houston*, 44 Hun, 570; the court saying, (page 570, per LEARNED, P. J., BOCKES and LANDON, JJ., concurring:) "*Camp* v. *Ingersoll* reversed an order of reference on the ground that the issues did not strictly involve the examination of a long account. The court referred to section 1015, and said that, if the suit was one in equity, the testimony as to the value of the assets might be taken by a referee. An examination of that section will show that it does not speak of a reference to take evidence upon the issues, but only what may be called 'collateral matters.' Nor was anything decided by the court except a reversal of the order of reference.  *  *  *  On the other hand, the cases of *Rathbun* v. *Rathbun*, 3 How. Pr. 139, and *Stewart* v. *Gardner*, Id. 156, are decisions on this very point, and are in conflict with the order in this case. We concur with those decisions, and are of the opinion that the court has no power compulsorily to order that testimony to be used on a trial should be taken before a referee." Another authority confidently adduced by the respondent is *American P. M. Soc.* v. *Brooklyn El. R. Co.*, 46 Hun, 531, but here again the reliance is upon a mere suggestion, of no relevancy to the case, and not at all countenanced by the actual adjudication. True, the action was similar to the one under review; but the issues were submitted to a jury, and judgment entered upon their verdict at special term; the decision being that "the trial of the cause at circuit was no error." The remark that "the testimony might have been taken by a referee, and reported to the court," was as gratuitous as it was unsupported by argument. Neither *Bank* v. *Houston*, nor any case of like import, was noticed, nor did the court fortify its *dictum* by a solitary citation.

As little warrant (less, indeed) is there for the order on appeal in any other provision of the Code. Section 827 does not touch the question in contro-

versy. *Bank* v. *Houston*, 44 Hun, 567, 569. Section 1011 applies only to a reference by consent. Section 1013, in its first sentence, provides for an involuntary reference of issues in an action at law, namely, "when the trial will not require the examination of a long account, and will not require the decision of difficult questions of law." The second sentence reads: "In an action triable by the court without a jury [this case] a reference may be made, as prescribed in this section, to decide the whole issue, or any of the issues, or to report the referee's findings upon one or more specific questions of fact involved in the issue." By the settled construction of all courts, the words, "as prescribed in this section," qualify and confine its operation to actions which do involve an account, and do not involve difficult questions of law. *Thayer* v. *McNaughton*, 117 N. Y. 111, 22 N. E. Rep. 562; *Streat* v. *Rothschild*, 12 Daly, 95; *Barnes* v. *West*, 16 Hun, 68; *Read* v. *Lozin*, 31 Hun, 286. In *Thayer* v. *McNaughton* the court of appeals says: "In equity actions the reference may be of the whole issue or of any one of them, or to report to the court upon specific questions of fact. But the power of the court to order the reference is limited by the general condition contained in the first clause of section 1013, which is applicable alike to cases triable by the court and cases triable by jury." In *Bank* v. *Houston*, *supra*, the court says: "References are provided for in section 1013, but they are references to try the issue. No intimation is given that any other reference can be made when an action is at issue." Here is no account involved in the sense of the section, (*Camp* v. *Ingersoll*, 86 N. Y. 433; *Randall* v. *Sherman*, 131 N. Y. 669, 30 N. E. Rep. 589;) nor is the reference to try the issue. In *Drexel* v. *Pease*, 129 N. Y. 96, 29 N. E. Rep. 241, it is not apparent an account was not involved,—the contrary, rather; but, however that be, the reference was to "ascertain," *i. e.*, determine, certain questions of fact. Indisputably the reference was to try specific issues, and so may have been within the express terms of the section. Here the reference is not to ascertain or determine or try anything, but merely to take testimony and report with an opinion. In no event, therefore, is the order under review within the scope of the *dictum* in *Drexel* v. *Pease*, for *dictum* it is, and not a 1 adjudication. To criticise all the authorities cited by counsel in their elaborate and instructive briefs would prolong this opinion beyond reasonable limits. Suffice it to say that none of them is in adjudication in support of respondent's position, while *Bank* v. *Houston*, *supra*, is an explicit decision in favor of appellants' contention.

To recapitulate: *First.* The order on appeal is not warranted by section 1013 of the Code, because the action does not require the examination of a long account, and because the reference is not to try the question submitted, but only to take testimony, and report it with opinion. *Second.* The order is not authorized by section 1015, because it is not to take an account, because the questions referred arise upon the pleadings, and because the reference is not to determine the questions, but only to take testimony and report it with opinion. *Third.* The order is prohibited by the constitution, because it directs the taking of testimony in an equity case otherwise than in cases at law, *i. e.*, in open court, and in the presence and under the supervision of the judge who is to decide the cause. The order, therefore, was made without jurisdiction, and is a nullity.

Counsel for respondent objects that defendants, having proceeded with the trial before the referee, are estopped to appeal from the order. *Read* v. *Lozin*, 31 Hun, 286, is a decisive authority to the contrary, and so is the current of adjudication. Doubtless the disposition of the case by the learned judge below would operate greatly in ease of the courts; but its effect, in inflicting upon suitors virtually a double trial of the cause,— once by the court and again by a referee,— would oppress them with a burden of superfluous expenditure and delay. We are to remember that it is a fundamental principle of our law that the judicial function cannot be delegated, (Broom, Leg. Max.

840;) and we reflect with chagrin that the ideal of cheap and speedy justice is not yet realized in the administration of our courts. It is within our power, however, not to aggravate the evil, if it be incorrigible, by still further protracting the delay and increasing the expense of judicial procedure. Order denying resettlement affirmed; order denying motion to set aside order of reference reversed, and reference vacated,—without costs to either party. All concur.