(74 Misc. Rep. 34.)

### In re BAIRD'S ESTATE.

(Surrogate's Court, Oneida County.　October, 1911.)

JUDGES (§ 32*)—SUCCESSOR TO SURROGATE—SIGNING DECREE.

　　Where proceedings in a Surrogate's Court were prosecuted, and a decree ordered and prepared for the surrogate's signature, but it was not in fact signed by him, his successor may affix his signature, under Code Civ. Proc. § 2481, subd. 9.

　　[Ed. Note.—For other cases, see Judges, Cent. Dig. §§ 158–164; Dec. Dig. § 32.*]

　　In the matter of the estate of Alexander Baird, Jr.　Proceedings for judicial settlement of the executor's account.　Petition for accounting dismissed.

Joseph Beal, for executor.
Lee & Dowling, for Catharine E. Baird and Frank Baird.

　　SEXTON, S.　One Frank Baird petitioned this court, in writing, June 9, 1911, for an order requiring Chancellor Clifford, as executor, to render his account in the above-entitled estate.　A citation was issued, and on the return thereof said Clifford, as executor, by a verified answer alleged that he had judicially settled said estate, and that he had filed his account as executor October 10, 1906, and that a decree was then ordered.　Objections were filed to said account September 25, 1911, by one Catharine E. Baird, beneficiary under the will of said Alexander Baird, deceased, claiming the right to contest certain items of said account, because no decree had been entered passing the account as filed.

　　From the papers and records on file and before me, I find that said executor filed his account, as claimed, October 10, 1906, in the Oneida county surrogate's office.　Under date of October 10, 1906, a citation was issued, a copy of which appears to have been served on said objector, Catharine E. Baird, October 17, 1906, and an admission of service of said citation, under date of October 30, 1906, was executed by said petitioner, Frank Baird, so that both of said parties were before the court on the accounting in 1906.　The court minutes show, under date of October 30, 1906, that Joseph Beal, as attorney, appeared for the petitioner, and H. S. Bedell, attorney, appeared for Alexander Baird, and other heirs; that an adjournment was taken to November 20, 1906, on which date a further adjournment was taken to December 4, 1906, and, on December 4, 1906, said Joseph Beal again appeared for the petitioner, and said H. S. Bedell appeared for said Frank Baird, and an adjournment was taken to December 18, 1906, on which date the appearances were the same, and a decree for a judicial settlement was ordered.　I find among the papers a decree, under date of December 4, 1906, in the usual form, with the commissions and costs allowed, and a direction that $55.77 be paid to said Catharine E. Baird, who is now seeking to object to said account; that said decree was never signed by my predecessor in office, which

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was evidently an oversight. The court minutes and papers on file disclose no reason for the decree not having been signed.

It is now insisted by the estate that it is the duty of the present surrogate to sign said decree, and that said estate was finally and judicially settled as of the date of said decree, and that objections to the account cannot now be heard, all interested parties having been precluded by said decree, and that the court can afford no relief, because of laches and lack of jurisdiction. Section 2481 of the Code of Civil Procedure gives the surrogate power, under subdivision 9:

"To complete, and certify and sign in his own name, adding to his signature the date of so doing, all records or papers, left uncompleted or unsigned by any of his predecessors."

In Matter of Martinhoff, 4 Redf. Sur. 286, the court held:

"The surrogate has the power to take up the probate of a will at the point where it was left by his predecessor in office, complete the proofs, and then decide the question at issue upon the whole evidence, including that taken before his predecessor."

The parties now in court, seeking to attack the account filed in 1906, were then in court and represented by an attorney, who consented to the decree as filed. A decree having been ordered and filed at the time of said accounting in 1906, I think it is clearly my duty under the law to supply the omission of my predecessor's signature by signing it.

Said petition by Frank Baird, for an accounting, under date of June 9, 1911, and all proceedings in connection therewith, are dismissed; and the objections filed by said Catharine E. Baird are overruled, on the ground that the court has no power to entertain them, having been precluded by a former accounting and decree herein.

Decreed accordingly.