JOSEPH PETNEL, Appellant, v. AMERICAN TELEPHONE & TELEGRAPH COMPANY et al., Respondents.— Appeal from an order of the Supreme Court, Rensselaer County Special Term, and judgment dismissing the complaint herein on the ground that the cause of action alleged did not accrue within the time limited by law for the commencement thereof. This matter was referred to an Official Referee (280 App. Div. 706). It was the intent of the court that the Referee should determine, pursuant to rule 108 of the Rules of

Civil Practice, whether, during the period from September 13, 1941, to September 13, 1951, the defendants utilized in their dial telephones ideas and designs identical or similar to those disclosed in plaintiff's communication of August 22, 1933, and report his findings to the special term. Apparently that intent was imperfectly expressed. Plaintiff's counsel drew the order of reference and subsequently moved to have the reference modified. That motion was denied by this court. (281 App. Div. 929.) The Referee's report dealt not only with the issue of utilization within the period specified, but also with the issue of appropriation, thus virtually deciding the entire case. Upon his report the Special Term dismissed the complaint. As we view it we had no power to direct such a sweeping reference and deprive plaintiff of a trial in equity on the issue of appropriation, and we had no such intent. Against this view it is argued that plaintiff waived his right to a trial by participating in hearings that embraced the fundamental issue of appropriation. We think his protests were such that a waiver may not fairly be found against him. Order and judgment dismissing the complaint, as to any cause or causes of action that may have accrued after September 13, 1941, is reversed, with costs, and the motion to dismiss the complaint as thus limited is denied, without costs. Defendants may have twenty days after the entry of the order herein within which to answer. Settle order on notice. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.