█ RAYEX CORPORATION et al., Respondents, v. MAX SANCHEZ, Individually and as President of Local 1614, I. B. E. W., AFL–CIO et al., Appellants.— In an action to enjoin picketing and similar union activities, the appeal is from an order referring to an Official Referee, to hear and determine, specified issues arising out of respondents' motion to punish appellants for contempt for violating a temporary injunction order, or, in the alternative, to resettle the said order so as to extend its effective date until after a certification by the National Labor Relations Board. Order reversed, without costs, and proceeding dismissed, without prejudice to an independent application to resettle the temporary injunction order. The order of reference " to hear and determine " was improper for the reasons stated in *Rayex Corp.* v. *Sanchez* (6 A D 2d 903). The temporary injunction order was effective, by its terms, " until the expiration of the term " of the collective bargaining contract between respondents and a union not a party to this action. Whether the learned Justice who made the order intended that the " term " of that contract should include an automatic renewal, pursuant to the provisions of the contract, should be determined by an independent application to resettle the order which should be resolved by that Justice. Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ., concur. [9 Misc 2d 290.]

█ RAYEX CORPORATION et al., Respondents, v. MAX SANCHEZ, Individually and as President of Local 1614, I. B. E. W., AFL–CIO et al., Appellants.— In an action to enjoin picketing and similar union activities, the appeal is from so much of an order as (a) fails to grant a motion to vacate a temporary injunction order (see *Rayex Corp.* v. *Sanchez,* 6 A D 2d 904), (b) refers the said motion to vacate and a motion to punish appellants for contempt for violating said injunction order, to an Official Referee to hear and determine, and (c) directs the Official Referee to determine whether violations of the temporary injunction order occurred subsequent to the institution of the contempt proceedings. Order modified so as to provide that the reference be to hear and report, instead of to hear and determine, and by limiting the scope of the Official Referee's inquiry to alleged violations of the temporary injunction order as specified in the order to show cause dated March 8, 1957 and the supporting affidavit. As so modified, order insofar as appealed from affirmed, without costs. The learned Special Term lacked jurisdiction to order a reference " to hear and determine ". Without the consent of both parties, the reference could only have been to hear and report (*Newcomb* v. *Newcomb,* 281 App. Div. 689; *Cameron* v. *Cameron,* 2 A D 2d 979). The right to appeal from the order of reference was not waived by the participation of appellants in the hearings before the Official Referee (*Read* v. *Lozin,* 31 Hun 286, appeal

904

dismissed 96 N. Y. 647; *Doyle* v. *Metropolitan El. Ry. Co.*, 1 Misc. 376, affd. 136 N. Y. 505; *Barker* v. *White*, 58 N. Y. 204; *Petnel* v. *American Tel. & Tel. Co.*, 284 App. Div. 1094, motion for reargument or leave to appeal denied 285 App. Div. 992). The contempt proceeding was initiated by an order to show cause dated March 8, 1957. It was improper to direct the Official Referee to inquire into alleged instances of contempt occurring subsequent to the date of, and therefore not specified in, the said order to show cause and supporting affidavit (*Matter of Landau*, 230 App. Div. 308, appeal dismissed 255 N. Y. 567; *Panagiotou* v. *Worlock Stone Co.*, 276 App. Div. 1038). Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ., concur. [11 Misc 2d 261.]