JOHN T. CAMP, Appellant, *v.* LORIN INGERSOLL et al., Respondents.

Under the provision of the Code of Civil Procedure (§ 1013) authorizing a compulsory reference to hear and determine an action where the trial thereof "will require the examination of a long account," the account to be examined must be the immediate object of the action or the ground of defense; it must be directly not collaterally involved.

Where, therefore, in an action brought to recover the value of certain shares of the stock of a manufacturing corporation, which the complaint alleged plaintiff was entitled to recover under an award, requiring defendants to pay said value, *held*, that conceding the suit to be one in equity to compel the specific performance of the award, the fact that, to ascertain the value of the stock, an account of the assets and property and the indebtedness of the corporation, containing many items was necessary, did not authorize a reference to hear and determine.

*It seems*, that a reference to take the account and report thereon would be proper. (Code, § 1015.)

(Argued October 4, 1881; decided October 18, 1881.)

APPEAL from an order of the General Term of the Superior Court of the city of New York, made April 4, 1881, which affirmed an order of Special Term, referring the issues of fact in this action to a referee to hear, try and determine.

The complaint in this action alleged the submission of certain matters in difference between defendants and plaintiff's assignor, and the making and delivering of an award in pursuance thereof, whereby defendants were required to execute to said assignor their bond obligating them to pay to him the value of three thousand three hundred and eighty-two shares

SICKELS — VOL. XLI.        55

of " The Heath & Smith Manufacturing Company" on a day named; the value to be ascertained in a manner therein specified. The complaint alleged a refusal of defendants to perform the award and demanded judgment for the alleged value of said shares.

The order of reference was granted upon affidavits showing that, in order to ascertain the value of the stock, the examination of a long account would be necessary, as it would be necessary to ascertain the value of the assets of the corporation, which consisted of several hundred items, also to consider the items and amount of its indebtedness.

*I. T. Williams* for appellant. A compulsory reference of an action can be ordered only when the accounts to be examined are the immediate object of the suit or the ground of the defense. (*Turner* v. *Taylor,* 2 Daly, 278, 282; *Kain* v. *Delano,* Ct. of App., Nov. 1870, 11 Abb. [N. S.] 29; 3 Johns. Ch. [2d ed.] 517; 13 Abb. Pr. 125; 18 How. 390; 6 Hill, 373; 10 How. Pr. 11; *Dederick's Adm'rs* v. *Richley,* 19 Wend. 108; *Thomas* v. *Reed,* 6 id. 503; *Van Rensselaer* v. *Jewett,* 6 Hill, 373; 1 Metc. 216; 1 Humph. 104; 32 Penn. St. 202.)

*A. B. Cruikshank* for respondents. If the facts at all warrant the conclusion that the trial will involve the examination of a long account, this court will not review a finding to that effect. (*Welsh* v. *Darragh,* 52 N. Y. 590; *Martin* v. *Windsor Hotel Co.,* 70 id. 101.) The constitutional provision that the " trial by jury in all cases in which it hath heretofore been used in the colony of New York shall be established and remain inviolate forever," is not infringed upon by such a reference. (*Place* v. *Cheeseborough,* 4 Hun, 577; affirmed, 63 N. Y. 315; *Van Marter* v. *Hotchkiss,* 1 Keyes, 585.) The Code does not confine the power to refer to actions brought or based upon an account, but extends it to all cases where the trial " will require the examination of a long account on either side." (Revision of 1801, § 2, chap. 90; 1 Kent & Radcliff, 347, § 2; 1 R. Laws of 1813, 516, § 2; 2 R. S. 384, part 3, chap. 6, tit. 6, art.

4, § 39; Laws of 1845, chap. 163; Old Code, § 271; New Code, § 1013; Story's Eq. Jur., §§ 64 k, 65, 442 716; *Dean* v. *Empire State Mut. Ins. Co.*, 9 How. 69; *Masterson* v. *Howell*, 10 Abb. Pr. 118; *Atocha* v. *Garcia*, 15 Abb. 303; *Hatch* v. *Wolf*, 30 How. 65; *Lewis* v. *Irving F. Ins. Co.*, 15 Abb. Pr. 303; *Batchelor* v. *Albany City Ins. Co.*, 6 Abb. Pr. [N. S.] 240; *Schemerhorn* v. *Wood*, 4 Daly, 158; *Hossack* v. *Heyerdahl*, 6 J. & S. 391; *Welsh* v. *Darragh*, 52 N. Y. 590; *Ryan* v. *Atlantic Mut. Ins. Co.*, 52 How. 321; *Blackstone Nat. Bk.* v. *Bogart*, 9 J. & S. 292; *B. & R. B. R. R. Co.* v. *Reid*, 21 Hun, 273; *Carr* v. *Berdell*, 22 id. 130; *Claflin* v. *Cent. F. Ins. Co.*, Supr. Ct., Special Term, January 17, 1881.) The word "account," as used in the statute, is not confined in its meaning to what is known in mercantile usage as an account with debit and credit entries, but means simply a number of items. (*Lee* v. *Dill*, 39 Barb. 516, 520; Worcester's Dictionary; Wharton's Dictionary, 14; Smith's Dictionary of Synonyms, 26; *Fraylor* v. *Sonoma Mining Co.*, 17 Cal. 594.)

FOLGER, Ch. J. If it be conceded that this is a suit in equity to compel the specific performance of an award, that alone does not dispose of the question made on this appeal. It would show that the plaintiff has not an absolute right under he Constitution to have a trial of his case by a jury. It would show that it was in the legislative power to provide for a trial of it by referee. It would not show that the legislature has ever done so. It still remains to inquire whether the Code authorized the reference of this case. It was authorized, only if the trial will require the examination of a long account on either side, and will not require the decision of difficult questions of law. (New Code, § 1013.) It may be taken that the trial of this case will not require the decision of difficult questions of law. It is not so easy to say that it will require the examination of a long account, as that phrase is to be interpreted in view of previous decisions. In *Van Rensselaer* v. *Jewett* (6 Hill, 373), it is said that the case cannot be referred, though there be many items of damage, unless there

is an account between the parties in the ordinary acceptation of the term. And what is that acceptation is shown by *Thomas* v. *Reab* (6 Wend. 503), where the contention for the order was based upon the conceded fact that the trial would require the examination of a variety of items. The contention was not sustained, because, though there were sundry items of damage, they did not form an account existing between the parties. Though the examination of numerous items of damage may be involved, they do not constitute an account, technically or properly speaking, between the parties. (*Silmser* v. *Redfield*, 19 Wend. 21.) An account between the parties is one made up of the dealings of the parties with one another (*Dederick's Adm'rs* v. *Richley*, 19 Wend. 108); though the account may be that of one party only. And so in *Kain* v. *Delano* (11 Abb. [N. S.] 29), it is held that the accounts to be examined must be the immediate object of the action, or the ground of defense, and must be directly and not collaterally involved.

Now here, the immediate object of the action is not to recover any portion of the matter, that will be shown by the account of the assets and property of that manufacturing company. It is to recover a sum of money, the amount of which is, to be sure, to be gauged by the figures that will be disclosed by that account, but it is not money for any thing that that account will show. That account is not the ground of the defense. A fact which it is claimed that account will reveal, that is the ground of defense. The defense does not seek to make the plaintiff liable for any thing that will be shown by the account, but only by what the account will disclose to affect the magnitude of the sum in which the defendants shall be held liable. The account is not directly involved in the suit. It is incidental or collateral. It is not the account of both parties, or of either party. It is the account or inventory of a third and unconcerned party, referred to and inquired into to make proof upon the issues in this suit.

It is plain that it would be for the convenience of the parties to try this case before a referee, where the various and

numerous items which together show what was the value of the assets of the corporation, and thus what was the value of its capital stock, could be inquired into and arrived at with care and deliberation, and consequent accuracy. It is plain that it will be tedious, if not impracticable, to do this with a judge and jury. A reference of this case would be within the spirit of the law permitting a compulsory reference. We have seen but one case of former days, holding that it is within its purview. That is *Samble* v. *Mech. Fire Ins. Co.* (1 Hall's Supr. Ct. 560). It is not in harmony with the cases that we have cited above, and we may not disregard them and follow it. We are constrained, by the force of authority, to hold that there was no power in the Special Term to compel the plaintiff to a reference to hear and determine. We must reverse the orders appealed from. But the court below is not without the power to relieve itself and the parties of the tedium of such a trial. If it shall be of opinion that this is a suit in equity, it may refer the case so far as to have the testimony as to the value of the assets of the corporation taken by a referee and reported to the court, with his opinion thereon. (New Code, § 1015.) And upon the coming in of the report the court may hear the case upon that testimony on that issue and upon other evidence upon the other issues, and determine it.

All concur.

Order reversed.