·CASSIUS H. READ, Respondent, *v.* PETER R. LOZIN and PRESTON · STEPHENSON, as Devisers, etc., of JANE McDONALD, Deceased; Appellants, Impleaded, etc.

*Reference — an action to charge lands in the hands of heirs or devisees, with debts of an ancestor, is only referable by consent — Code of Civil Procedure, sec. 1013— When the right to appeal is not lost by participating in the reference.*

An action brought by the creditor of a deceased debtor against his heirs or devisees, to collect the debt from real estate acquired by them from the deceased, cannot be referred without the consent of all the parties, even though portions of the claims which the plaintiff seeks to enforce consist of accounts comprising numerous items.

Where an order of reference has been made in such an action, upon the defendant's default, and an application made by him to open the default, and for a rehearing, has been denied, the defendant does not, by appearing before the referee and examining and producing witnesses, waive his right to appeal from the order denying his motion to open the default if, when he first appears before the referee, he objects to the reference as unauthorized and renews his objection upon the closing of the hearing.

Appeal from an order made at a Special Term denying a motion made by the defendants to open a default and vacate an order of reference.

*Preston Stevenson*, for the appellants.

*D. S. Riddle*, for the respondent.

Daniels, J. :

The action was brought to collect demands from the defendants as heirs, or devisees, of the late John H. McCunn, because of real estate owned by him and acquired by them in one or the other of these capacities. The demands themselves, with the exception of two of them, were already in judgment. The other two consisted of accounts, including a variety of items, and for that reason the action was deemed to be referable, and an order of reference was made as to the appealing defendants on proof of service of notice of motion on their attorney, he failing to appear at the hearing. This omission to appear was caused by his absence from the city and a misunderstanding as to the time to which the hearing was postponed, and upon these facts they moved to open the default, and for a rehearing of the motion for the reference. In this appli-

cation they were unsuccessful; but if the action is not one which could be referred without their consent, then the order of reference should have been vacated and the appeal from the denial of that application must be held to be a proper one. The object of the action, which was brought under the statute providing for this class of cases, was to collect the debts in controversy from the defendants so far as they, by descent or devise, had become invested with the title to real estate owned by McCunn. In an action of this nature the vital or fundamental point to be established is the liability of the party against whom it may be brought for the payment of the debt of the ancestor or testator. That is a matter to be first established by making proof of the facts rendered essential for that purpose by the provisions of the statute. Until that shall be done, proof of the demands themselves is not important, and if they consist in whole or in part of accounts, no special investigation as to the accounts can be required to be made until the fact of liability has been made out by satisfactory proof. Until that has been done the accounts themselves are not important, and when such facts are established the accounts only become important to ascertain the extent of the liability, and a reference may regularly be then ordered to take and state such accounts. The case, therefore, cannot be held to be one in which, prior to that, a reference can be ordered without the consent of all the parties, as an action requiring the examination of a long account. For this provision of section 1013 of the Code has been so construed as to include only the class of cases in which the immediate object of the party is to recover the account relied upon. (*Camp* v. *Ingersoll*, 86 N. Y., 433.) That was not the immediate object of this action, but it was first to establish the defendant's liability for the payment of these debts by proof of the insufficiency of the personal estate and of the fact that these defendants had become vested with real estate owned by the debtor in his lifetime in the manner specified by the statute. That was the immediate and principal object of the action, and proof of the accounts would only become necessary to determine the extent of the liability after that should be established.

Neither was the action referable under the latter portion of the section as one triable by the court without a jury, for the right to refer that class of actions is also limited and restricted by the refer-

ence made to the preceding portion of the section, to actions requiring the examination of a long account. And in both to authorize a reference without the consent of the parties the action must be practically, and only, for the recovery of what has been denominated a long account. (*Barnes* v. *West*, 16 Hun, 68.) The order directing a reference of this action without the consent of the appealing defendants was not authorized under this section of the Code, and it seems to embody all the authority designed to be exercised in the reference of cases without the consent of the parties.

Before the appeal was brought on for argument a motion was made on behalf of the plaintiff to dismiss it, and in support of the motion it was shown that the trial had already taken place before the referee, and he had made his report. The defendants participated in this trial, cross-examining the plaintiff's witnesses and producing witnesses on their own behalf, and these facts were relied upon as a waiver of the right to bring an appeal from the order denying their motion. But it was made to appear by the affidavits that the defendants did not in participating in the proceeding intend to waive or surrender their objection to the order by which the action had been referred. And for that reason, on the 23d of May, 1883, when the hearing was about to commence, the objection was taken by the defendants' counsel before the referee that the reference was unauthorized, and he stated that an appeal would be taken from the order, and it was only after this objection was overruled that the defendants proceeded with the hearing of the case. The objection itself was unmistakable evidence of the fact that the defendants did not intend to acquiesce in or consent to the trial of the action before the referee, and what they did after their objection was overruled was of a. compulsory nature. They were obliged then either to go on with the trial or take the risk of injustice being done to them in case they failed to do so, and they chose to pursue what appeared to be the safest and most judicious of these alternatives. After the evidence was through, the objection was again renewed that the referee was without authority to proceed, and that was in like manner overruled. With these facts established, it cannot reasonably be held that the defendants, by their conduct, consented to or acquiesced in

the reference ; for, as a matter of fact, they intended to do neither. They objected when their objections were proper, and only proceeded when they were required to do so by the fact that the referee evinced his determination of proceeding with the trial of the action. And that such a proceeding of itself was not a waiver or surrender of the right to appeal from the order, has been rendered clear by section 1351 of the Code, for that has provided that an appeal from an order without security and without a stay does not prevent the other party from taking the proceedings provided for or allowed by the order. Notwithstanding the appeal, he may go on with his case, but it is, of course, at the risk of the proceedings being subverted by the subsequent reverse of the order. This was an order affecting a substantial right ; and by section 1347 of the Code, the defendants were secured the absolute right to appeal from it, and their appeal was brought within the time prescribed for that purpose. Their proceeding was entirely regular, and the right to consummate it by a hearing was never lost or in any manner surrendered. The motion made to dismiss the appeal cannot, therefore, under this state of facts, be successful; and as the order referring the action was not authorized without the consent of these defendants, it was legally a nullity. The referee had no authority to proceed under it, and all that he did was without jurisdiction. The order denying the defendant's application to vacate the order of reference should be reversed, with the usual costs and disbursements, and the order itself should be vacated and the motion to dismiss the appeal denied, with ten dollars costs.

DAVIS, P. J., concurred.

Present — DAVIS, P. J., and DANIELS, J.

Order reversed, with ten dollars costs and disbursements, and motion to dismiss appeal denied, with ten dollars costs.