HORACE B. CLAFLIN AND OTHERS, RESPONDENTS, *v.*
EDWARD A. DRAKE, APPELLANT.

*Compulsory reference — cannot be ordered on the ground that an account must be examined, if that is not the principal issue.*

The plaintiff having recovered a judgment against a limited corporation for goods sold and delivered to it, and issued an execution thereon which had been returned unsatisfied, brought this action against a stockholder to enforce the liability alleged to have been incurred by him by reason of the failure of the stockholders to pay in the amount of the capital stock subscribed for. The answer was a general denial.

*Held,* that as until the plaintiff should establish the defendant's liability for the debts of the company, proof as to the sale of the goods to the company itself would be unnecessary, the action was not one in which a compulsory reference could be ordered upon the ground that it involved the examination of a long account.

APPEAL from an order directing the trial of the issues in this action to take place before a referee appointed to hear and determine the same.

*Benj. F. Dos Passos,* for the appellant.

*S. F. Kneeland,* for the respondents.

DANIELS, J.:

The defendant has been sued as a stockholder in a corporation called the " Co-operative Dress Association (Limited)."

The corportion was formed under chapter 611 of the Laws of 1875. By section 37 of the act, the capital stock was required to be paid one-half in one year, and the other half within two years from the incorporation of the company, and the directors were required within thirty days after the payment of the last installment, to make a certificate stating the amount of the capital so paid, which upon being signed and sworn to by the president and a majority of the directors, was to be filed in the office of the Secretary of State and in the county in which the principal business office of the corporation was situated. For a failure to pay these amounts and file the certificate, this section of the act further declared that the stockholders should be severally individually liable to the creditors of the

company to an amount equal to the amount of stock held by them respectively, for all debts and contracts made by such company, until the whole of the capital stock fixed and limited should be paid in, and the certificate thereof should be so made and recorded. It has been alleged in the complaint that the plaintiff sold and delivered a large amount of goods to the company, and for the balance of the debt created in that manner a judgment has been recovered upon which an execution has been issued against the property of the company, and returned unsatisfied. It was further alleged that the capital of the company had not been paid and that no certificate had been made and recorded, as that was required by the terms of the act. It was also alleged that the defendant was the owner of stock of the company to the amount of $2,500, and judgment was demanded against him for that amount.

These allegations were all denied by the answer and additional defenses were also interposed. By this denial the plaintiffs have been subjected to the necessity of proving all the facts alleged in their complaint as the ground of the defendant's liability, before any investigation or inquiry can be made into the account containing a statement of the goods alleged to have been sold and delivered to the company.

The action consequently has not been brought for the sole purpose of recovering the plaintiff's account, but its first object is to charge the defendant with liability under this section of the statute, providing for the incorporation of business corporations, and that part of the action is not of such a nature as to be the subject of a reference against the objections of the defendant.

No liability against him for the goods, as they were not sold or delivered to him, but to the company, can be made out without first proving the failure of the company to comply with the statute, and that the defendant himself was the owner of a portion of its capital stock. That is a very substantial portion of the issue to be tried and disposed of in the case, and not until that shall be established against the defendant can the account become the subject of investigation or inquiry in the action. And if that investigation shall be reached by proving the defendant's liability for the payment of any part of the account, then and not until then will evidence of it be important to prove the extent of such liability. To justify a

reference, the account itself must be the substantial subject of the issue, and where it is not, a reference cannot be ordered against the objection of either of the parties. (*Camp* v. *Ingersoll*, 86 N. Y., 433; *Read* v. *Lozin*, 31 Hun, 486.)

These authorities are entirely decisive of this appeal, and they require that the order should be reversed, together with the usual costs and disbursements and the motion for a reference should be denied.

DAVIS, P. J., and BRADY, J., concurred.

Order reversed, with ten dollars costs and disbursements to abide event.