ALEXANDER C. MORRISON, APPELLANT, *v.* ANNA HORROCKS AND OTHERS, RESPONDENTS.

*Compulsory reference — cannot be ordered when an issue of fraud is raised.*

The plaintiff, having acquired the individual interest of one Thompson in the firm property of Thompson & Horrocks, brought this action to set aside as fraudulent a sale of the firm property, made by the sheriff to the defendant Warhurst, under executions issued upon judgments recovered against the firm, for a sum less than sufficient to pay the firm debts.

The complaint alleged that the price obtained upon the sale of the firm property to Warhurst was much less than its value, and was brought about by the fraudulent practices and representations of Warhurst, and that but for these the property would have realized enough to have resulted in a substantial advantage to the plaintiff, and prayed that the sale be declared void and an accounting be had.

*Held,* that the substantial issue in the action was fraud, and that a compulsory reference ought not to be ordered.

*Camp* v. *Ingersoll* (86 N. Y., 433) followed.

APPEAL from an order entered in Albany county, referring this action to a referee, for trial and determination.

*E. F. Bullard,* for the appellant.

*Doyle & Fitts* and *N. C. Moak,* for the respondents.

LANDON, J.:

Plaintiff's assignor bought upon a sale had under an execution against George E. Thompson his individual interest in the firm property of Thompson & Horrocks, of which firm he was a member. Thereafter, upon a sale upon executions upon judgments against the firm, the firm property was sold to Warhurst for a sum less than sufficient to pay the firm debts. As a consequence, plaintiff's assignor could take nothing under her previous purchase of George E. Thompson's individual interest. The complaint charges that the price obtained upon the sale of the firm property to Warhurst was much less than the value of the property, and was brought about by the fraudulent practices and representations of Warhurst, and that but for these, the property would have realized enough to have resulted in a substantial advantage to plaintiff's assignor. The plaintiff asks to have the sale declared void, and that an accounting be made of the value of the property, adapted to the changes in its ownership since such purchase by Warhurst, which shall accomplish the same result as if the fraud had not been practiced.

Clearly the substantial issue is the fraud; the accounting is dependent upon the result of that issue, and will be wholly unnecessary unless the fraud be established. The accounting will be the means of measuring the sum total of the relief, if the right to it

shall be found to exist, but the difficult and substantial question is upon that right. Within the case of *Camp* v. *Ingersoll* (86 N. Y., 433) we think a compulsory reference ought not to have been directed.

The order should be reversed, with ten dollars costs and printing disbursements.

BOCKES, P. J., and PARKER, J., concurred.

Order reversed, with ten dollars costs and disbursements for printing.