ALEXANDER C. MORRISON, Respondent, *v.* JOHN VAN
BENTHUYSEN *et al.*, as Executors, etc., Appellants.

*Court of Appeals, November* 23, 1886.

*Compulsory Reference.*—Where the only accounting requisite or sought
   in an action is to ascertain the value of property fraudulently sold,
   the value of its use, and, possibly, the amount of insurance realized
   for a part which has been destroyed by fire, but no accounting of
   partnership assets is asked for on either side, and none can be
   had, these are purely items of damage, involve no long account,
   and do not authorize a compulsory reference.

Appeal from an order of the general term of the supreme
court, reversing a special term order directing a compulsory
reference.

*N. C. Moak* with *Messrs. Doyle & Fitts*, for appellants.

*E. F. Bullard*, for respondent.

FINCH, J.—This appeal involves a question of power to
order a compulsory reference. The special term made such
order, but the general term reversed it, holding that no
power existed to grant it. The action was an equitable
one. The complaint, in substance, alleged that the assignor
of the plaintiff became the owner through an execution
sale of the interest of one Thompson in the partnership
property of Thompson & Howocks, and so entitled to as-
certain and recover that interest; that, upon judgments and
executions against the partnership property, the whole of it
was sold to George Warhurst at a price very far below its
actual value; that the sacrifice was occasioned by the

fraudulent conduct of Warhurst in preventing purchasers from bidding by a false representation of a chattel mortgage incumbrance, and a direct bargain with another judgment creditor not to bid; that Warhurst transferred the property purchased to the defendants, Jane Van Benthuysen and Annie Howocks, by a conveyance made without consideration, and with a fraudulent intent; that Warhurst is dead, and the defendant Nuttall is his executor, and Thompson went into bankruptcy, and all his rights passed to the defendant Hicks, as assignee; that Howocks, by a compromise arrangement, had satisfied all the debts of the firm; and that Warhurst and his fraudulent vendees had used some of the property purchased, had sold some, and collected insurance money upon a portion destroyed by fire. The relief asked is that the sale to Warhurst be set aside; that his estate and his fraudulent vendees' account for the use of the property, and its value; that the Warhurst judgments be satisfied out of those assets, and the balance be paid to plaintiff and Thompson's assignee; and that a receiver be appointed to sell the property, and give to the plaintiff two-thirds of it, that having been Thompson's proportion of the capital.

To this action Howocks, one member of the firm and the sole surviving partner, is not a party. No accounting of the partnership assets is asked for on either side, and none can be had in his absence. It is not for us to conjecture how the plaintiff's action can be maintained without making Howocks a party. If it can be, it will be because no partnership accounting is required. If it cannot be, the plaintiff may be obliged to amend his complaint, and bring in Howocks as a party, and then, for the first time, such an accounting will become possible and necessary. But as the case stands, the only accounting requisite or sought is to ascertain the value of the property fraudulently sold, the value of the use, and, possibly, the amount of insurance

realized. These are purely items of damage and involve no accounting. Camp *v.* Ingersoll, 86 N. Y. 433.

The theory of the plaintiff is that he will be entitled to the whole or two-thirds of such aggregate values. He, perhaps, may seek to uphold that theory by the contention that the sale, though void as to plaintiff, is good as to Howocks, who does not repudiate it, and so has lost all interest in the question, or in the fruits of the litigation ; or upon some other ground, as yet undisclosed. But, whatever else may be true about the case, it seems entirely certain that there can be no receivership of the partnership assets; and no administration and settlement of its affairs, in an action to which the sole surviving partner is not a party. It follows that no long account was involved in the action, and that the decision of the general term was correct.

The order appealed from should be affirmed, with costs.

All concur.