Daniels, J.
This action was brought to foreclose a , mortgage given by the railway company upon its property to secure an issue of bonds amounting to the sum of $4,000,000. The right of the plaintiff to this relief was resisted by the railway company and others contesting the legal validity of the bonds. The result of the trial of the issues, including these subjects, was the conclusion of the court that the bonds had been unlawfully issued, and that they were voidable at the election of the railway company, with the exception of those which had passed into the hands of the holders for value, without notice. After *640 reaching this conclusion the order of reference was made directing the referee to inquire who were the holders of the bonds in controversy, and for* what they had been acquired, and what consideration had been paid for the bonds by their present or preceding holders. Other subordinate directions were given, but it was for the object of more especially and fully obtaining information upon these subjects that the reference was ordered. This order of reference has been resisted on the ground that when the court reached the decision that it did, an interlocutory judgment should have been entered embodying findings of fact and law which might be reviewed by the parties by way of an appeal or a motion for a new trial. But the system of practice now existing has not required that an interlocutory judgment shall be entered as the result of such a decision. Neither was the practice mandatory in this respect as it previously existed in courts of equity in this state, for they were at liberty to hear the case fully and completely, and determine it by a final decree; or, which was the more ordinary system followed, to direct an interlocutory decree, when that should be proper, providing for further proceedings to ascertain details for the relief before a master. The jurisdiction of the court sanctioned either one of these two proceedings, as they might be deemed the most practicable or advisable. And the present system of practice has made no change in this respect in trials of these issues of fact, for it contains no direction that an interlocutory judgment shall be entered upon the. determination of the court as to the controlling rights of the parties in the litigation. The Code has been framed in such language as to permit, without requiring, an interlocutory judgment, and to provide for exceptions to be presented and filed, and a review to be had, either by way of appeal or a motion for a new trial; and these provisions will be found to this effect in sections 1200, 1349, 1001 and 1231. But even such an appeal or motion is not indispensable for the review of the judgment, for that may be had upon an appeal from the final judgment when the intention tó review on such appeal the interlocutory judgment shall be expressed in the notice. Code, §§ 1230, 1301, 1316 and 1350. But neither of these sections has been so framed as to require an interlocutory judgment to be entered in the action in which a trial may be had before the court or a referee; but they at most regulate the practice authorized to be pursued when such a judgment shall have been entered in the action. The mandatory provisions directing that a report shall be made and filed relate only to the determination of the whole issue in the action. And they are contained in section 1012 and subd. 3 of § 1221. Such a report or decision, then, becomes *641 indispensable for the determination of the controversy in. the action.
That it was not intended to be obligatory upon the court to make and file this decision before the final determination of the action is further evident from the latter portion of section 1013 of the Code, which permits the court of its own motion, in an action triable without a jury to direct a reference to a referee to report his finding upon one or more specific questions of fact involved in the issue. That must necessarily be done before the complete decision of the action. And it is after that, and when the remaining issues in the case have been tried, that it has been provided by section 1226 for the entry of the judgment. And the reference ordered in this case seems to be within the language of this section.
By section 1015 also, the court has been authorized of its own motion to direct a reference to take an account, either after an interlocutory, or final judgment, or when it is necessary to do so for the information of the court. And under tins authority this reference seems to have been provided for. And that was suggested as correct practice in Camp v. Ingersoll (86 N. Y., 433). This authority, it is true, is restricted to the taking of an account; but this language includes more than the mere adjustment of items, charges, credits and figures. It permits inquiries to be made in this matter where details are to be obtained and settled, and such was the practice which has been followed in courts of equity. Story Eq. Jur. [5th ed.], §§ 441, 453. In the last of these sections it is stated: that “in virtue of this general jurisdiction in matters of account, courts of equity exercise a very ample authority over matters apparently not very closely connected with it, but which natually, if not necessarily, attach to such jurisdiction.” What the court required in this case was a statement of the bonds which the railway company had attempted to issue, under the mortgage, and that was, strictly speaking, a matter of accounting, as inquiries of this nature have been set on foot and followed in courts of equity. And as incidents of that accounting, it was within the authority of the court to to direct proof to be taken, as to the manner in which the bonds had passed into the hands of the parties holding them, and the consideration for which they had been received. The inquiry as to all these subjects was within this broad authority, allowing a court to direct a reference to take the account. The plain object was to furnish the data upon which the details of the action might be determined, and when the report of the referee shall be made and heard, that, as well as his conclusions, are subject to *642 be reviewed, corrected or set aside as the case may require, under the authority of section 1232 of the Code.
To enable the referee intelligently to take proof upon, and hear and report concerning the subject of the reference, no other statement of that subject was required than that which was contained in the order. An interlocutory judgment was not necessary for this purpose. The action still remained before the same court, although the proof upon the essential issues, as the pleadings presented them, had been concluded, and the court on that part of the case had reached what was considered a final decision. But it was not in a condition finally to determine or declare the particular rights of the parties. This further information to be sought through the intervention of a reference was to complete the trial, and when it shall have been obtained the court will be in a condition to proceed and determine the case by a final judgment. And before that can be entered conclusions of fact and law will be required to be settled and filed, presenting what shall be deemed to be the results of the evidence and the rights and obligations of the parties. And it will facilitate this determination to obtain the proof and report contemplated by the order, and place the action in a condition in which upon an appeal all the questions arising in it may be finally decided, and the rights of the parties fixed and determined.
If an interlocutory judgment had been provided for, no more than this would have been accomplished through its intervention, for the ultimate and final decision of the action would, if the views of the trial court should be sustained, still await the hearing and accounting directed by this order.
The order does affect substantial rights in the action. And it is the subject of an appeal under subdivision 4, of section 18ifí of the Code. And while it was regular for the court to make the order within the authority of the sections of the Code already mentioned, it is still reviewable under this subdivision and subject to correction, if the inquiries directed by it should be held to be broader than the court had the power to give. Whether the decision made by the court upon the effect of the evidence produced before it is erroneous or not, is not now to be considered. That subject has not been -discussed by the counsel, but the suggestion has been made on behalf of the plaintiffs that a day should be assigned for an argument of the merits of the controversy; and if that is still to be insisted upon by the counsel, the case may yet, as the order is applicable, be brought before the consideration of the court for the determination of the questions arising upon the evidence. But probably the more judicious course o£ *643 proceeding will be to complete the hearing before the referee and then bring up these questions for review after final decision and judgment in the action shall have been entered. For the present, however, it will be sufficient to hold that the reference was authorized, if the court was warranted in the conclusions upon which the order proceeded. The parties affected by the order were entitled by their appeal to bring it before the court for its consideration and decision; hut to avoid any conclusive effect from it hereafter, the order should he modified, declaring that the reference is without prejudice to the consideration of any question arising upon the trial whenever any legal action shall be taken for their review in the subsequent progress of the litigation. With this modification the order of reference, as well as that denying the application for findings of fact and law, should now, subject "to the plaintiff’s right to bring on the merits of the appeal, be affirmed, and the motion made to dismiss the appeals should be denied, without, costs to either party.
Davis, P. J., and Brady, J., concur.