Rapallo, J.
This is an action brought against a builder, to recover damages for the breach of a contract to erect for the plaintiffs a dwelling-house in the city of New York within a stipulated time. The contract price of the work was 825,500, payable in installments. The contract was dated October 21, 1884, and by its terms the defendant agreed that he would fully inclose the building, so as to protect it against the weather, on or before the 20th of December, 1884, and would complete it for occupancy on or before the 30th of April, 1885; that he would commence the construction of the building immediately upon the execution of the contract, and would at no time between the commencement of the work and its completion cease to work thereon with a sufficient force, etc The breach alleged in the complaint is that the defendant, after having. *2 commenced the erection of the building under this contract, ceased work thereon, and abandoned the work before its completion, whereby the plaintiffs were deprived of the use of the building, and were compelled, to employ other persons to complete the contract, at a cost exceeding the contract price, and sustaining damages to the amount of $7,000.
The defendant by his answer, denies the alleged breach; sets up that the agreement was unconscionable, and was executed by a mistake and under duress; that it was prepared by the plaintiffswho are lawyers, and did not fairly embody a previous verbal agreement under which the defendant had undertaken the job, and commenced the performance of the work, and that he was coerced into its execution, after having made and contracted for" large expenditures on the building; that the plaintiffs themselves violated the contract; and also that the plaintiffs are indebted to him for a balance due for work and labor on the building, which he sets up as a counter-claim, and he demands judgment that the contract be declared void, and deemed to have been executed under duress of property, and also for his counter-claim.
The plaintiffs moved for a reference of the action, and the court, at special term "made an order referring all the issues therein to a referee for hearing and determination. On appeal to the general term that order was affirmed, and the defendant now appeals.
The case presented by the complaint is clearly one in which both parties are entitled, under the constitution, to a trial by jury, and consequently it was beyond the power of the court to make an order of reference against the objection of either party. It was simply an action for unliquidated damages for the breach of a contract, and in no sense involved any account. A bill of particulars was furnished by the plaintiffs under an order of the court, and by this bill the plaintiffs specified eight items of damage, which consisted of loss of interest in the value of his property, loss of occupancy of the building, damage to the building occasioned by the defendant’s failure to inclose it, and increased cost of completing it. These items of damage did not constitute an account. It has repeatedly been held that when there is no “account” between the parties, in the ordinary acceptation of the term, the cause cannot be referred, although there may be- many items of damage. Camp v. Ingersoll, 86 N. Y., 433. This rule has been applied in actions on policies of insurance where there are many items of loss. It is contended that the counter-claim set up in the answer, of which a bill of particulars was also ordered and furnished, will require the examination of a long account. Even if this should be assumed, it would not make the action referable. “The character of .the ac *3 tion is determined by the complaint. The answer cannot change it. If the action is a referable one, the answer cannot make it non-referable ” (per Church, C. J., in Welsh v. Darrag, 52 N. Y., 590); and on the same principle, if the action is non-referable, a counter-claim set up in the answer cannot make it so, as was held by this court in Townsend v. Hendricks (40 How Pr., 143). The defendant has a constitutional right to trial by jury on the issues presented by the complaint and answer, and he does not waive .that right by setting up, in addition to his defenses, a counter-claim. If the plaintiffs prevail in the action, it may never become necessary to try the counter-claim. Should the counterclaim ever require examination, a reference can be ordered as to it after trial of the issues. Townsend v. Hendricks, supra, 164.
The plaintiffs rely upon the fact that the motion for a reference was made upon an affidavit of one of the plaintiffs’ attorneys which states that the trial of the issues will necessarily involve a long account, and that there was no opposing affidavit. But the motion was also founded upon the pleadings and the several bills of particulars, and they are all now before the court. From an examination of them, the court can judge as well as the attorney, whether any account will be involved- in the trial of the issues, and no opposing affidavit is necessary to enlighten us on that point.
The order should be reversed, and motion denied, with costs in both courts.
All concur.