By the Court.—Ingraham, J.
The complaint in this action alleges the execution of a contract, whereby the defendant agreed to hold plaintiff harmless from all ■claims, demands and suits, which might be brought against him on account of certain transactions therein alleged, and that defendant would indemnify and reimburse him (plaintiff) for all expenses which he might be put to, or compelled to pay, on account of the transfer of certain stocks therein referred to, or claim of ownership thereto ; that, subsequent to the execution of such ■agreement, certain actions were brought against the *154 plaintiff on account of the ownership of said stock, and. that plaintiff requested the defendant to assume the-defense of said actions, but that defendant authorized and requested the plaintiff to defend such actions, and agreed to assume the expenses of such defense; and that plaintiff paid for the expenses of such defense the sum of $13,177.70, for which he asks judgment.
In response to a demand of the defendant, the plaintiff' served a bill of particulars of his claim, showing twenty-four items of money paid by the plaintiff, from May 19, 1878, to March 8, 1882.
The answer of the defendant puts in issue the employment by plaintiff of attorneys and counsel to defend such suits, and the payments made by plaintiff, as specified in his book.
The plaintiff, to recover the amount demanded in this action, will have to prove each item set up in his bill of particulars, and also prove that the same was-paid in the defense of the suits mentioned in the agreements.
By section 1018 of the Code, it is provided that the-court may, of its own motion, or upon the application of either party, without the consent of the other, direct the trial of the issues of fact by a referee, when the trial will require an examination of a long account on either side, and will not require the decision of difficult questions of law.
The case of Welsh v. Darragh, 52 N. Y. 592, is a direct authority to sustain the power of the court to-refer this action. There the action was for goods sold and delivered, and the bill of particulars showed that' there were twenty-six items of specified articles of merchandise, which were alleged to have been sold and delivered to the defendants, at specified prices. It was-held that actions on contract could be referred; that the nature of the action must be determined by the-complaint, and the answer could not change it. If the - action is a referable one, the answer could not make it. *155 non-referable; and that the number of items was sufficient to make a long account within the requirements-of the statute.
What is said there will apply to this case, and it would be extremely inconvenient if not impracticable, for a jury to try each of the twenty-four issues, and determine which of them had been proved and which should be disallowed as unproven. The fact that an examination of an account will be involved in the trial of the issues, is apparent from the pleadings and the bill of particulars. It is not necessary that the fact that an examination of a long account is- involved, should be shown to the court in any particular manner; Avhere it does so appear, either by the pleadings or by affidavit, the court may refer.
The case of Camp v. Ingersoll, 86 N. Y. 433, is not-in conflict with this decision. In that case the issues in the action did' not involve the examination of accounts. Such examination could only be necessary collaterally; the account was not the ground of the action, but it was-alleged that an examination of the accounts between a party to the action and a third party would prove that there was a defense to the action.
We think therefore that it did appear to the court below that a trial of the issue of fact in this action will require an examination of a long account, within the section of the Code referred to. The defendants, claim, however, that section 974 of the Code, requires that the counterclaims set up in the answer must be tried, either before the court or by a jury. That section provides that when the defendant interposes a counterclaim, the mode of trial of an issue of -fact arising-thereon, is the same as if it arose in the action brought by the defendant against the plaintiff, for the cause of action stated in the counterclaim, and demanding the same judgment. The first counterclaim set up in the answer alleges that the agreement set up in the complaint was obtained by fraud, and asks judgment that it *156 be cancelled and annulled. This would be an equitable cause of action and would be triable as directed in section 969, viz.: before the court, unless a reference is ordered. In this case as a reference has been ordered, the trial before a referee will not be in conflict with that section. The second counterclaim re-alleges the ground set up as a ground for the equitable relief asked for- in the first counterclaim, and demands judgment therefor for sixty thousand dollars. This counterclaim would under section 914, be triable as directed by section 968, that is, by a jury, unless a jury trial is waived, or a reference is directed, and as a reference has been directed, a trial before a referee would not be in" conflict with that section.
We have examined the record and can see no difficult questions of law presented. On the case as presented, therefore, we think the court had power to refer the action, and that such power was properly exercised.
The order appealed from should be affirmed, with ten ■dollars costs and disbursements.
Sedgwick, Ch. J., and Freedman, J., concurred.