CHARLES E. SIMMONS, Appellant, *v.* JOHN BIGELOW *et al.*,
Executors, etc., Respondents.

*Supreme Court, First Department, General Term, July 9, 1889.*

1. *Reference. Compulsory.*—An action upon a special contract for long and continuous services cannot be referred against the will of the defendant, merely because, at some stage of the trial, the plaintiff may find it necessary to go over every part of his long service, and thus burden the court and jury by a tedious recital.

2. *Same.*—The fact that the plaintiff, in case he fails to establish his special contract, may be permitted to proceed as upon a *quantum meruit*, does not entitle him to an order of reference. The case for the purposes of the motion, must be treated according to the averments of the complaint as formulated. The character of the complaint, and that alone, governs.

3. *Same.*—In order to entitle a party to such order, the action must be upon an account, and its examination must be the immediate object of the action.

Appeal from an order denying a motion of reference.

*Joseph H. Choate*, for appellant.

*J. C. Carter*, for respondents.

PER CURIAM.—The order should be affirmed on the opinion of INGRAHAM, J., at special term.

The only additional point made upon this appeal, not covered by Judge INGRAHAM's opinion, is that in case the plaintiff fails to establish his special contract, he may be permitted to proceed as upon a *quantum meruit*.

Whether this can be done without an amendment of the present complaint, we need not now decide.

But the court cannot take such a possible contingency into consideration. We must treat the case, for the purposes of this motion, according to the averments of the complaint as now formulated. It is the character of the complaint, and that alone, which governs.

The case made by the present complaint is not upon an account at all, but upon a special contract involving long and continuous service.

For this service, the plaintiff charged a lump sum, and although that lump sum may be made up of many daily visits, running through several years, the character of the action remains the same. It is well settled that such considerations are not controlling. The action must be upon an account, and its examination must be the immediate object of the action. Camp *v.* Ingersoll, 86 N. Y. 436; Kain *v.* Delano, 11 Abb. N. S. 29. That is not this case, and the action cannot be referred against the will of the defendant merely because at some stage of the trial the plaintiff may find it necessary to go over every part of his long service and thus burden the court and jury by a tedious recital.

The order should be affirmed, with ten dollars costs and disbursements.