## CONTINENTAL INS. CO. *v.* PHENIX INS. CO.

*(Supreme Court, General Term, First Department. January 24, 1890.)*

REFERENCE—ACCOUNTS—COLLATERAL ISSUES.

In an action by one insurance company against another for reinsurance, bills for valuations of the loss of goods rendered by the insured and paid by plaintiff, and accounts and bills for services and expenses of salvors employed by plaintiff, etc., are collateral to the main issue, and are not such accounts between the parties to the suit as will justify an order of reference. Following *Camp* v. *Ingersoll*, 86 N. Y. 433.

Appeal from special term, New York county.

Defendant is one of three companies, reinsurers of risks assumed by the plaintiff, to the extent of one-half the amount of each and every such risk equaling or exceeding $15,000, loss, if any, payable *pro rata* upon all kinds of lawful goods laden upon barges or lighters for transportation within New York harbor and adjacent waters. By the terms of this contract of reinsurance defendant was severally liable to pay one-third of any losses occurring thereunder. This contract, by a memorandum indorsed thereon February 2, 1885, one month after its execution, was extended to cover the plaintiff as reinsurance on the cargo of any one barge or lighter insured by plaintiff under its open policies of insurance issued to Twombly & Co., John H. Starin, the

New York Lighterage & Transportation Company, and others. Under its said open policies of insurance plaintiff, at different times, insured Twombly & Co. to the sum of $16,000 on 927 bags of coffee, and 27 casks of prunes, laden on the barge Jonathan Chase, the New York Lighterage & Transportation Company to the sum of $15,900 on 139 hogsheads of sugar laden on the barge J. W. Eaton, and John H. Starin to the sum of $16,000 on 56 tons of ingots of copper, laden on the barge Stephen Warren. Thereafter, on the 17th of March, 1885, the barge Jonathan Chase was by the perils of the sea sunk in the waters of East river, and the cargo of coffee and prunes greatly damaged and mostly lost. On the 20th of May, 1885, a disaster befell the barge J. W. Eaton, and its cargo of sugar, and on October 8, 1885, the barge Stephen Warren sank with its cargo of copper, which was afterwards, at great expense to plaintiff, raised and delivered at its destination. These losses were in each case paid by plaintiff to its several assured, viz.: in the case of the Chase, to Twombly & Co., $12,058.48; in the case of the Eaton, to the New York Lighterage & Transportation Company, $12,451.26; and in the case of the Warren, to John H. Starin, $710, (besides $184.96, not yet settled.) The questions arising between plaintiff and defendant and the two other reinsuring companies as to liability under the policy of reinsurance were submitted to an arbitration, from which, after several hearings, and before final award of the arbitrators, defendant and the two other companies withdrew, and the expenses of the arbitration, ($335.33,) for one-third of which ($111.77) plaintiff claims this defendant is liable, were paid by plaintiff. The answer of defendant admits the incorporation, etc., and the execution of the policy of reinsurance, but as to all the other allegations of the complaint pleads a general issue, except as to notice of loss, and request to join in adjusting proof of loss, and the fact of submission to arbitration. Plaintiff moved at special term, on the pleadings and upon affidavit, for an order of reference, on the ground that the trial of the issues would require the examination of a long account in each case, on the side of the plaintiff, of about 25 items, consisting in chief of bills for valuations of the loss and damage of goods insured rendered by the several parties insured and paid by the plaintiff, and of bills and accounts, services, labor, and expenses of salvors, and others employed by the plaintiff, or the insured, in saving a part of the goods insured, and which bills and expenses were paid by the plaintiff, and of the bills and expenses paid by the plaintiff in the arbitration. The order applied for was granted, and entered on the ground specified. Defendant appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Wing, Shoudy & Putnam,* (*J. A. Shoudy,* of counsel,) for appellant. *Barney & Wells,* for respondent.

PER CURIAM. We think the order of reference granted in this case should be reversed upon the authority of *Camp* v. *Ingersoll,* 86 N. Y. 433. It is quite apparent that whatever examination for accounts is to be made it is of one collateral to the main issue presented by the pleadings. The order should be reversed, with $10 costs and disbursements.