TOM L. JOHNSON et al., Appellants, v. THE ATLANTIC AVENUE
RAILROAD COMPANY of Brooklyn, Respondent.

This action was brought to recover damages for an alleged breach of con-
tract by which defendant leased to plaintiffs its franchises and rights to
construct and operate a street railroad and covenanted to procure the
necessary consents to enable plaintiffs to construct a cable road. The
complaint alleged that in order to enable plaintiffs to fulfill their con-
tract it was necessary for them to expend large sums of money in the
purchase of real estate, machinery, cars, etc., and in hiring employees
and other expenses; that by reason of defendant's failure to obtain the
consents, the enterprise contemplated by the agreement became abortive
to plaintiffs' damage of $300,000. *Held,* that the action did not involve
the examination of a long account within the meaning of the Code of
Civil Procedure (§ 1013); and so, that the granting of a compulsory
order of reference was error.

(Argued October 2, 1893; decided October 10, 1893.)

APPEAL from order of the General Term of the Supreme
Court in the second judicial department, made the second
Monday of December, 1892, which reversed an order of
Special Term denying a motion for the appointment of a
referee and granted said motion.

This action was brought to recover damages for a breach of
a contract, whereby defendant leased to plaintiffs all its fran-
chises and rights to construct, maintain and operate a street
railroad in the city of Brooklyn, and to obtain for them the
franchises and consents necessary to enable them to construct
and operate a cable road. The complaint alleged that, to
enable plaintiffs to fulfill their contract, it was necessary to
expend large sums of money in the purchase of real estate,
machinery, cars, horses, hiring employees and other expenses
of construction, and that by reason of defendant's breach of
contract and its failure to obtain the consents agreed upon the
enterprise contemplated by the agreement became abortive to
plaintiffs' damage in the sum of $300,000.

SICKELS — VOL. XCIV.        57

*James C. Church* for appellant. Assuming that this action is simply to recover the amount of moneys expended by the plaintiffs, it is not an action involving a long account, which warrants the court in ordering the compulsory reference of the same. (*Thomas* v. *Read*, 6 Wend. 503; *Selsnier* v. *Redfield*, 19 id. 22; *Camp* v. *Ingersoll*, 86 N. Y. 433; *Untermyer* v. *Beinhauer*, 105 id. 521; *Randall* v. *Sherman*, 131 id. 669.) Under the provision of the Code, even when a long account is involved, before a reference can be ordered, it must appear that there is no difficult question of law in the case. (*Thayer* v. *McNaughton*, 117 N. Y. 111; *Magown* v. *Sinclair*, 5 Daly, 63; *Kain* v. *Delano*, 11 Abb. [N. S.] 29; *Read* v. *Lozier*, 31 Hun, 286.)

*B. F. Tracy* for respondent. This action is referable. (*Untermeyer* v. *Beinhauer*, 105 N. Y. 521; *Welsh* v. *Darragh*, 52 id. 590; *Camp* v. *Ingersoll*, 86 id. 433; *Deidrich* v. *Richley*, 19 Wend. 108.) This is an action *ex contractu*, and if the amount expended, less the credits, is the proper measure of the plaintiffs' damages, the items of expenditure constitute an account within the meaning of the statute. (*Chambers* v. *Appleton*, 84 N. Y. 649; *Place* v. *Cheesebrough*, 63 id. 315.) The only principle upon which a reference can be refused in this case is that the plaintiffs are not entitled to recover in this action the amount of money expended in the construction and equipment of the railroad, but must be limited to the value of the contract, or that part of the contract of which they have been deprived. The value of the contract, if it had any value, is the true measure of the plaintiffs' damages. (*Taylor* v. *Bradley*, 39 N. Y. 129; *Wakeman* v. *W. & W. M. Co.*, 101 id. 205; *Driggs* v. *Dwight*, 17 Wend. 71.) The plaintiffs' complaint proceeds upon no well-recognized legal principle. It first counts upon the contract and avers a breach by the defendant, and then, instead of claiming as damages the value of the contract, or even the value of the road at the time of the breach, it claims the amount of money paid, laid out and expended by them in and about its con-

struction. There is no authority for such a claim as this. (*Clark* v. *Mayor, etc.,* 4 N. Y. 343.)

PECKHAM, J. The order of the General Term in this case is, as we think, clearly wrong. The complaint shows that the action is one where a reference cannot be compelled. It is an action to recover from defendant unliquidated damages for its violation of the contract entered into by the parties thereto.

The complaint alleges that in order to enable plaintiffs to fulfill their contract it was necessary for them to expend large sums of money in the purchase of real estate, machinery, cars, horses, hiring employees and other expenses of construction for said railroad, and that by reason of defendant's breach of the agreement and its failure to obtain the consents spoken of in the contract, the enterprise contemplated by the agreement became abortive to the plaintiffs' damage in the sum of $300,000. There is no statement in the complaint that these expenditures were made by them as the agents of the defendant, nor is there anything therein from which it can be inferred that they were so made, or that the claim for damages is based upon the difference between the expenditures made by plaintiffs as agents of the defendant, and the amounts received by them as such agents, upon the sale of any of the property thus purchased.

The complaint states, in substance, that these expenditures were made by the plaintiffs in preparation and as a means for the fulfillment of their obligations to build the road, and that such expenditures became useless by the violation of the contract by the defendant. Whether these various amounts so expended are valid claims and furnish the true rule of damages to be applied in this case against the defendant on account of its violation of the contract, need not now be decided or discussed. In no event are they anything more than different items of alleged damage, to be recovered from defendant by reason of its violation of the contract, and they do not make the action one involving the examination of a long account, as that expression is used in the statute as to references.

Within that statute no case for a reference is made out. (*Camp* v. *Ingersoll*, 86 N. Y. 433; *Untermeyer* v. *Beinhauer*, 105 id. 521.)

The order of the General Term must be reversed, and that of the Special Term affirmed, with costs to the plaintiffs in all courts.

All concur.

Order reversed.