The order of the General Term in this case is, as we think, clearly wrong. The complaint shows that the action is one where a reference cannot be compelled. It is an action to recover from defendant unliquidated damages for its violation of the contract entered into by the parties thereto.
The complaint alleges that in order to enable plaintiffs to fulfill their contract it was necessary for them to expend large sums of money in the purchase of real estate, machinery, cars, horses, hiring employees and other expenses of construction for said railroad, and that by reason of defendant's breach of the agreement and its failure to obtain the consents spoken of in the contract, the enterprise contemplated by the agreement became abortive to the plaintiffs' damage in the sum of $300,000. There is no statement in the complaint that these expenditures were made by them as the agents of the defendant, nor is there anything therein from which it can be inferred that they were so made, or that the claim for damages is based upon the difference between the expenditures made by plaintiffs as agents of the defendant, and the amounts received by them as such agents, upon the sale of any of the property thus purchased.
The complaint states, in substance, that these expenditures were made by the plaintiffs in preparation and as a means for the fulfillment of their obligations to build the road, and that such expenditures became useless by the violation of the contract by the defendant. Whether these various amounts so expended are valid claims and furnish the true rule of damages to be applied in this case against the defendant on account of its violation of the contract, need not now be decided or discussed. In no event are they anything more than different items of alleged damage, to be recovered from defendant by reason of its violation of the contract, and they do not make the action one involving the examination of a long account, as that expression is used in the statute as to references. *Page 452 
Within that statute no case for a reference is made out. (Camp
v. Ingersoll, 86 N.Y. 433; Untermeyer v. Beinhauer,
105 id. 521.)
The order of the General Term must be reversed, and that of the Special Term affirmed, with costs to the plaintiffs in all courts.
All concur.
Order reversed.