FRED H. LOVERIN and FREDERICK A. WHELAN, Respondents, *v.*
LENOX CORPORATION, Appellant.

*Compulsory reference — an account collateral only to the cause of action will not justify it.*

In an action brought by an architect to recover his commission for services rendered in the construction of a building, the mere possibility that upon the trial of the action, it may be necessary, in determining the cost of the building upon which the plaintiff's commission is to be computed, to examine the accounts of some thirty or forty contractors who supplied the material and furnished the necessary labor in the construction of the building, is not sufficient to justify the court in ordering a compulsory reference under section 1013 of the Code of Civil Procedure.

APPEAL by the defendant, Lenox Corporation, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 8th day of September, 1898, denying the defendant's motion for an order of reference.

*F. H. Callan,* for the appellant.

*Tracy C. Becker* and *Lincoln A. Groat,* for the respondents.

ADAMS, J.:

The plaintiffs bring this action to recover the amount alleged to be due them as assignees of F. H. Loverin upon a contract entered into by their assignor and the defendant, by the terms of which Loverin was to render certain services as an architect in the construction of an apartment building to be thereafter erected by the defendant in the city of Buffalo, and was to receive as compensation therefor a specified commission, which was to be estimated upon the total cost of the structure. In their complaint the plaintiffs allege that the total cash cost of the building, after making certain deductions therefrom, as required by the terms of the contract, amounted to the sum of $207,930, but this allegation is denied by the answer, and upon the defendant's motion for an order of reference herein it was insisted that the exact cost of the building had not, and could not, be definitely ascertained without going through and carefully examining the accounts of the various contractors, some thirty or

forty in number, who supplied the material and furnished the necessary labor in the construction thereof, and that by reason of this fact the trial of the case will necessarily involve the examination of a long account. The correctness of this contention is consequently the sole question to be considered upon this appeal.

Section 1013 of the Code of Civil Procedure prescribes the only conditions upon which the court may order a compulsory reference, and so far as this action is concerned these conditions are that the trial will necessarily require the examination of a long account and will not require the decision of difficult questions of law.

It has been repeatedly held that the account referred to in the statute must be either an account of one or both of the parties, or one which is directly involved in the action. In other words, if it is incidental or collateral to the cause of action, it is not such an account as is contemplated by the statute, even though it contains many items and may become the subject of examination upon the trial. ( *Van Rensselaer* v. *Jewett,* 6 Hill, 373 ; *Thomas* v. *Reab,* 6 Wend. 503 ; *Camp* v. *Ingersoll,* 86 N. Y. 433 ; *Untermyer* v. *Beinhauer,* 105 id. 521, 524.)

It is to be observed that in the present action the only result to be accomplished by the examination of the accounts referred to in the moving papers will be to determine the actual costs of the defendant's structure, and thus to furnish a basis upon which the amount due the plaintiffs under the contract in question can be determined. But the facts disclosed upon the face of the pleadings and by the moving papers fail to satisfy us that the examination of these accounts will, of necessity, be involved in the trial of the action, or that the case is brought within the true intent and meaning of the statute above cited.

It is by no means difficult to point out various ways in which the total cost of the defendant's structure can be ascertained without going into the minute details of the accounts between the defendant and its several contractors, although it is but fair to say that such an examination may possibly become necessary. The mere possibility, however, that such a contingency may arise is insufficient to justify a compulsory reference, for it seems to be now well settled that before a party can be deprived of his right to a jury trial such facts must be disclosed as will fairly warrant the conclusion that an exam-

ination of a long account will be involved upon the trial. (*Thayer v. McNaughton,* 117 N. Y. 111; *Spence v. Simis,* 137 id. 616.)

In view of the fact that the trial court may, upon its own motion, direct a reference if it shall become satisfied during the progress of the trial that an examination of the accounts relied upon by the defendant is actually necessary, we are of the opinion that the discretionary power of the court at Special Term was properly exercised.

All concurred.

Order affirmed, with ten dollars costs and disbursements.