HARRY G. SMITH and Another, Plaintiffs, *v.* NICHOLAS A. GALANOS, Defendant.

(Supreme Court, Erie Special Term, November, 1918.)

Reference — where examination of long account is collateral to the issue motion for compulsory reference denied.

> Where, in an action to recover for services as naval architects in preparing plans and specifications for and superintending repairs to a certain vessel, the real issue presented by the pleadings is the alleged fraud and negligence of the plaintiffs in approving alleged excessive charges paid by defendant for labor and material made by a contractor who did certain of the work, defendant's motion for a compulsory reference, upon its claim that in order to defend the action and establish its counterclaim for damages because of such excessive charges the trial will involve the examination of a long account, will be denied on the ground that the accounts as to excessive charges are simply incidental and collateral.

MOTION by the defendant for a compulsory reference.

George Clinton, Jr., and Frank A. Abbott, for motion.

Thomas C. Burke, opposed.

WHEELER, J. This action is brought by the plaintiffs to recover a balance claimed to be due and owing them for fees or commissions for preparing plans and specifications for and superintending the repairs to the steamer *Schuylkill.* The answer puts in issue the amount due and sets up by way of counterclaim that the plaintiffs negligently and fraudulently approved excessive charges for labor and material made by the Buffalo Dry Dock Company which did the work to the extent of $200,000 and demands a judgment for damages against the plaintiffs for that amount. It is not

denied on this motion but that the defendant has actually paid for the work done the sum specified in the complaint and but that for the allegations of the answer the plaintiffs would be entitled to the amount of commissions alleged in the complaint. The defendant, however, claims in substance that in order to defend the action and to establish its counterclaim the trial of the action will involve the examination of a long account, to-wit, the bills for items of services and material furnished by the Buffalo Dry Dock Company and paid for by the defendant, which it is alleged the plaintiffs fraudulently and negligently approved and passed. It is alleged these items aggregate some 3,000 in number, and the defendant contends these facts present a case for a compulsory reference.

It probably would be a relief to the court if a reference could be had, for doubtless if the case is tried through the trial will involve a considerable time, and it may be difficult for a jury to carry in their minds all the different items over which investigation may be had. Nevertheless this court is of the opinion that the facts presented do not make this a referable case within the provisions of the Code of Civil Procedure. The real issue presented by the pleadings is one of fraud and negligence. The account of the Buffalo Dry Dock Company is only collaterally involved. The immediate purpose of this action is not to recover anything for work, labor and services furnished by the dry dock company or other contractors, but for the services of the plaintiffs as naval architects and superintendents. The accounts of contractors are not the ground of the defense but the alleged fraud and negligence of the plaintiffs. Therefore the accounts of the dry dock company and of the other contractors are simply incidental and collateral. It is not the account of the parties to this action. It has been well estab-

lished by the decisions of the courts of this state that where an account involved is simply incidental and collateral a compulsory reference will not be ordered. *Loverin* v. *Lenox Corporation*, 35 App. Div. 263; *C. & C. Electric Co.* v. *Walker Co.*, Id. 426; *Smith* v. *London Assurance Corp.*, 114 id. 868; *Kings Co. Lighting Co.* v. *Woodbury*, 177 id. 451; *Camp* v. *Ingersoll*, 86 N. Y. 433; *Snell* v. *Niagara Paper Mills*, 193 id. 433; *Steck* v. *Colorado F. & I. Co.*, 142 id. 236. The facts in some of the cases above cited are very analogous to those presented in this case.

The motion is denied, with ten dollars costs of motion.

*Motion denied, with costs.*